## TOM TULLOS V. STATE

No. 27,807. December 7, 1955

*Richard R. Cole*, Houston, for appellant.

*Will Sears*, City Attorney, *Robert L. Burns*, Senior Assistant City Attorney, *Charles A. Easterling*, Assistant City Attorney, *Dan Walton*, District Attorney, all of Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This prosecution arose in the corporation court of the city of Houston upon a complaint alleging the failure of appellant, as the driver of a motor vehicle, to stop in obedience to a red traffic light placed at a street intersection by authority of the traffic engineer of the city of Houston.

Upon appeal from a conviction in the corporation court, appellant was tried and convicted in County Court at Law No. 2 of Harris County and assessed a fine of $105, from which conviction he prosecutes this appeal.

The complaint was sworn to by one Vernice Foster before Lucy Whitlow, "Deputy Clerk of the Corporation Court of the City of Houston, Harris County, Texas."

The sole question presented relates to the overruling of appellant's motion to quash the complaint, the contention being that "the complaint was not sworn to before an officer authorized by law to administer oaths."

Appellant contends that there is no law authorizing a deputy clerk of a corporation court to administer oaths. Also it is contended that if a deputy clerk of a corporation court is authorized under law to administer an oath to a complaint filed in such court, such deputy must act in the name of his principal.

The city of Houston was granted a charter by a special act of the 29th Legislature in 1905. (Special Laws, 29th Legislature, Ch. 17, p. 131.)

Houston has amended its charter since it became a Home Rule City, but continues to operate under its original charter as amended both before and after the adoption of the Home Rule Amendment, Constitution of Texas, Art. XI, Sec. 5. The city has not adopted a new charter.

Article II, Sec. 13, of the charter of said city establishes a corporation court, and provides "There shall be a clerk or clerks of said court, with such deputies as may be created or provided by ordinance by the City Council . . . . "

Said charter, in said section, further provides: "The clerk or clerks of said court, and the deputies thereof shall have the power to administer oaths and affidavits, make certificates, affix the seal of said court thereto, . . . "

It is appellant's position that the quoted provisions of the Houston Charter are in conflict with and contrary to the general law creating corporation courts (Acts of the 26th Legislature, 1899, Ch. 33, p. 40) and the present statutes derived from such act, especially Article 867 C.C.P.

By Act of the 26th Legislature, in 1899, corporation courts were established in each city, town or village then or thereafter incorporated.

Provision was made by this act for a clerk of such court to be elected unless by ordinance it was provided that the city secretary be ex-officio clerk thereof, in which event the secretary might be authorized to appoint a deputy who should have the same powers as the secretary. There was no provision otherwise for a deputy clerk of the corporation court.

Present Article 867 C.C.P. was derived from the following provision of Sec. 6 of the 1899 Act.

"That complaints before such court hereby created and established may be sworn to before the recorder, clerk of said court, the city secretary, the city attorney or his deputy, each and all of which officers, for that purpose shall have power to administer oaths; or it may be sworn to before any other officer authorized by law to administer oaths; . . . . "

It will be noted that the Act of 1899 made specific provision for the complaint to be sworn to before any one of the officers created by the act and provided also that the complaint could be sworn to before any other officer authorized to administer oaths.

This was the statutory law of the state when by special law the legislature granted a charter to the city of Houston and provided that there should be a clerk or clerks of the corporation court with such deputies as may be created or provided by ordinance, with the further provision that the clerk or clerks and the deputies thereof should have power to administer oaths and affidavits.

The present statute, Article 867, C.C.P., represents the 1925 codification of the same provision and reads:

"Complaints before such court may be sworn to before any officer authorized to administer oaths or before the recorder, clerk of the court, city secretary, city attorney or his deputy, each of whom, for that purpose, shall have power to administer oaths."

Subsequent general laws passed by the legislature have authorized certain cities by ordinance to provide for deputy

clerks of the corporation court. (Acts 46th Legislature, Ch. 2, p. 92) Art. 1200(a) V.C.S. (since amended), Art. 1200(b) V.C.S. and Art. 1200(c) V.C.S., the later applicable in the city of Houston. However, in none of these statutes or elsewhere do we find that the legislature has created the office of deputy clerk of the corporation court, or granted specific authority by general law to deputy clerks of corporation courts, provided for by ordinance, to administer oaths. The provision of the special act of the legislature which granted the Houston Charter does, however, grant such power to deputy clerks of the corporation courts of Houston provided for by ordinance.

Article XI, Sec. 5, of the Constitution of Texas, known as the Home Rule Amendment, provides that no charter or ordinance passed thereunder shall contain any provision inconsistent with the Constitution of the state or the general laws enacted by the legislature.

Art. 872 C.C.P., also derived from the Act of 1899 creating corporation courts, provides that the governing body of each incorporated city, town or village shall have power to adopt such rules and regulations concerning the practice and procedure in such courts as the governing body may deem proper, not inconsistent with any law of the state.

If there is any repugnancy or inconsistency between the charter provision granting to deputy clerks of the corporation courts of Houston power to administer oaths and the general law which provides that the complaint may be sworn to before any officer authorized to administer oaths the charter provision must fall. We see none.

The need for deputy clerks in the larger cities has been recognized in the more recent statutes, but does not appear to have been contemplated when the general statute creating corporation courts was enacted in 1899.

Uniformity does not, we believe, require that small cities and towns be authorized to provide for deputy clerks of the corporation court with power to administer oaths.

Art. 1177 V.C.S. removes any doubt that the powers granted the city of Houston by its special charter were retained after the adoption of the Home Rule Amendment to the Constitution of Texas.

The list of officers enumerated in Art. 26 V.C.S. as authorized to administer oaths is not exclusive. The legislature has, by many acts, authorized other officers to administer oaths in connection with their duties.

It will be observed that no provision is made in Art. 26 V.C.S. for oaths to be administered by a deputy clerk even of a court of record.

In Gray v. State, 109 Texas Cr. R. 481, 5 S.W. 2d 518, we said "Administering an oath is a ministerial act."

"Except to appoint a deputy, a deputy clerk is authorized to perform any official ministerial act that may be done by his principal, provided there is no statutory provision or implication to the contrary. 11 Corp. Jur. 913."

We conclude that the deputy clerk of the corporation court of Houston was authorized to administer the oath to the complaint filed in such court.

We pass then to the question of whether the deputy clerk was authorized to act in her own name rather than in the name of the clerk, by her as deputy.

Our attention is directed to the provisions of Articles 1898 and 1938 V.C.S. In these statutes deputy clerks of the district and county courts, respectively, are required to act in the name of their principal.

We find no such requirement in the charter of the city of Houston and thus no basis for a holding that the deputy clerk could not act in her own name in taking the affidavit.

Arbetter v. State, 79 Texas Cr. R. 487, 186 S.W. 769; Goodman v. State, 85 Texas Cr. R. 280, 212 S.W. 171; Anthony v. State, 90 Texas Cr. R. 351, 235 S.W. 578; Stalcup v. State, 99 Texas Cr. R. 415, 269 S.W. 1044; Moore v. State, 151 Texas Cr. R. 542, 209 S.W. 2d 193, though dealing with oaths administered by an assistant county attorney, are deemed authority for our holding that the deputy clerk was authorized to administer the oath in her own name.

For the reasons stated, the court did not err in overruling the motion to quash the complaint.

The judgment is affirmed.