Floyd Curry CURRY, a/k/a Floyd Wilson Curry, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–89–00276–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 11, 1991.

Victor R. Blaine, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION ON REMAND

ELLIS, Justice.

Appellant, Floyd Wilson Curry, appeals his judgment of conviction for the offense of possession of a controlled substance, to wit, cocaine of less than 28 grams. TEX. HEALTH AND SAFETY CODE ANN. § 481.-102(3)(D) and § 481.115(a), (b) (Vernon Pamph.1991). After his motion to suppress was denied, appellant waived a trial by jury and pled "not guilty" to the Court. After examining the stipulated evidence, the Court found him guilty and assessed punishment at seven years confinement in the

Texas Department of Corrections, probated for seven years and a five hundred dollar fine. This Court affirmed the conviction on October 5, 1989. *Curry v. State*, 780 S.W.2d 825 (Tex.App.—Houston [14th Dist.] 1989). The Court of Criminal Appeals reversed our judgment on April 10, 1991, 808 S.W.2d 481, stating that we misconstrued Article 38.23(b) TEX.CODE CRIM. PROC.ANN. (Vernon Supp.1991).

On April 28, 1988, a Houston Police Department Vice Officer, G.D. Todd, obtained a search warrant for 2300 Milam. The search warrant concerned itself with illegal bookmaking operations at that location. Officer Todd had conducted a surveillance at the location and determined appellant was present at the 2300 Milam location. Officer Todd confirmed that appellant had two outstanding warrants for traffic violations out of Precinct 4, Position 1, in Harris County, Texas. Officer Todd and other officers executed the search warrant on April 28, 1988, at 2300 Milam, Houston, Harris County, Texas and arrested appellant on the traffic warrants.

In a search of appellant's person incident to that arrest, Houston Police Officer, K.D. Templeton, found 5.7 grams of cocaine. The cocaine was found in appellant's shirt pocket. Officer Templeton handed the cocaine to Officer H.L. Lewis who placed the cocaine in the narcotics lockbox of the Houston Police Department Crime Lab. Claudia Busby, a chemist with he Houston Police Department, received the cocaine, tested and weighed it. The substance was determined to be cocaine weighing 5.7 grams. The search warrant for the premises at 2300 Milam contained the name of a Scott Flanagan. Floyd Curry was not named in the search warrant but his presence at the Milam location was known to the officers before they made the search on April 28, 1988.

Appellant submits in his sole point of error that the Court erred by failing to sustain his Motion to Suppress the Evidence upon his arrest and search of his person. Appellant asserts that the evidence of the cocaine was seized in violation of the law and should not have been admitted into evidence at trial, contrary to the provisions of article 38.23 of the TEX.CODE CRIM.PROC.ANN. Specifically, appellant contends that the "traffic warrants" upon which he was arrested were invalid since they were not supported by affidavits stating probable cause. We agree and reverse the judgment of the trial court.

The warrants in this case ordered the arrest of appellant for the offense of speeding and failing to maintain proof of liability insurance. The supporting affidavits are similarly worded and state, in pertinent part, that the affiant "has good reason to believe and does believe that based on the following information, to wit: citation no. 4–66952 issued by P. Carpenter, HCCP, Curry, Floyd Wilson, hereafter styled the defendant, heretofore on or about 8–1–87 [or 8–7–87], in Precinct Four of Harris County, Texas, did then and there unlawfully, while operating a motor vehicle upon a public highway and street committed the offense of speeding and/or failing to maintain a policy of automobile liability insurance."

The affidavit attached to the speeding warrant contains this additional information "did then and there unlawfully while operating a motor vehicle upon a public highway and street operate said motor vehicle at an unreasonable speed of 62 miles per hour which was greater than was reasonable and prudent under the circumstances then existing, at which time and place the lawful maximum prima facie reasonable and prudent speed indicated by an official sign then and there was 35 miles per hour. Contrary to law and against the peace and dignity of the State." (See, appendices Nos. 1 and 2).

The affidavit attached to the failure to maintain liability insurance warrant contains this additional information: "While operating a motor vehicle upon a public highway and street, did fail to maintain a policy of automobile liability insurance in at least the minimal amounts necessary to provide evidence of financial responsibility and in such amount as is necessary to insure against potential losses, which may arise out of the operation of that vehicle, as

required by the Texas Motor Vehicle Safety Responsibility Article, contrary to law and against the peace and dignity of the State. (See, appendices Nos. 3 and 4).

In our original opinion, we held that while the affidavits "may not have demonstrated the existence of probable cause, the arrest and search of appellant was lawful because the arresting officer acted in good faith in executing the traffic warrants. To support our holding, we relied on TEX.CODE CRIM.PROC.ANN. art. 38.23(b) which provides:

> It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective and good faith reliance upon a warrant issued by a neutral magistrate based on probable cause.

The Court of Criminal Appeals held that we misconstrued art. 38.23(b) and stated that the plain wording of art. 38.23(b) requires an initial determination of probable cause citing *Gordon v. State*, 801 S.W.2d 899 (Tex.Crim.App.1990) where the Court stated:

> "... We also note the appeals court was incorrect in finding the statute a codification of *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), Because Art. 38.23(b) requires a finding of probable cause, while the exception enunciated in *Leon* appears more flexible in allowing a good faith exception if the officer's belief in probable cause is reasonable. Thus, we must direct our attention to the validity of the warrant and affidavit without recourse to any "good faith" exception to the warrant requirement." *Id.* at 912, 913. (Emphasis added.)

The Court of Criminal Appeals vacated our judgment and remanded the cause to us for reconsideration of appellant's point of error in light of *Gordon v. State*. Thus we must direct on attention to the validity of the warrants and affidavits without recourse to any "good faith" exception to the warrant requirement.

■ The question presented is whether the arrest warrants for appellant were valid under the two prong test of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The Supreme Court has held that the same standards set forth in *Aguilar* for hearsay affidavits supporting search warrants apply to those given in support of arrest warrants. *Whiteley v. Warden, Wyoming State Penitentiary*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1970); *Barnes v. Texas*, 380 U.S. 253, 85 S.Ct. 942, 13 L.Ed.2d 818 (1965); *Barnes v. State*, 390 S.W.2d 266 (Tex.Crim.App.1965) (on remand). As applied to arrest warrants, *Aguilar v. Texas, supra*, would require that an affidavit based on hearsay that is used to support an arrest warrant must set out for the magistrate who issues the arrest warrant (1) underlying circumstances upon which the informer concluded that the named party committed the criminal act charged; (2) the circumstances for which the affiant concluded the informer was credible or his information reliable. In determining the sufficiency of the affidavit we are bound by the four corners thereof. Art. I, Sec. 9, Texas Constitution; Art. 18.01, V.A.C.C.P. *Evans v. State*, 530 S.W.2d 932 (Tex.Crim.App.1976); *Ruiz v. State*, 457 S.W.2d 894 (Tex.Crim.App.1970); *Gaston v. State*, 440 S.W.2d 297 (Tex.Crim. App.1969) (concurring opinion), cert. denied sub nom. *Gaston v. Texas*, 396 U.S. 969, 90 S.Ct. 452, 24 L.Ed.2d 435 (1969).

■ The allegations in both of the affidavits in our case are hearsay. The Supreme Court has held that the same standards set forth in Aguilar exist for hearsay affidavits supporting arrest warrants as exist for those given in support of a search warrant. *Barnes v. Texas*, 380 U.S. 253, 85 S.Ct. 942, 13 L.Ed.2d 818 (1965), reversing *Barnes v. State* (Tex.Crim.App.) 390 S.W.2d 266. The affidavits in our case contain no allegations of personal knowledge of the alleged offenses on the part of the affiant. (Sheila R. Edwards). Thus the statements contained therein are hearsay and the affidavit must pass the two prong *Aguilar* test. The affidavits do not contain underlying facts upon which P. Carpenter the affiant's informant, concluded appellant committed the offenses of

speeding and failure to maintain liability insurance. Nor do the affidavits contain facts or circumstances from which the affiant concluded that P. Carpenter, the informant, was credible and his information reliable. Thus neither of the two prongs of *Aguilar* has been satisfied. *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). *Lowery v. State,* 499 S.W.2d 160 (Tex.Crim.App.1973); *Stoddard v. State,* 475 S.W.2d 744 (Tex.Crim. App.1972); *Powers v. State,* 456 S.W.2d 97 (Tex.Crim.App.1970).

We find that the affidavits did not provide the magistrate a basis for an independent determination of probable cause and the warrants that issued were illegal. Therefore, appellant's arrest, under these warrants, was an unlawful seizure of his person. Accordingly, we find that the trial Court erred in not suppressing the cocaine seized upon the unlawful arrest and search of the person of appellant. Appellant's sole point of error is sustained.

The trial Court's judgment is reversed and the cause remanded.

# APPENDIX NO. 1

_471715_ Case No.

**IN HARRIS COUNTY JUSTICE COURT**
**PRECINCT FOUR, POSITION ONE**

**THE STATE OF TEXAS**
**VS.**

_Curry, Floyd A._

**AFFIDAVIT**  Speeding. Art. 6701(d), Sec. 166 (a)

_8-14-87_ File Date

$ _74.00_ Fine Amt.

$ _100.00_ Bond Amt.

**H.N. MCELROY**
**Justice of the Peace**
**Precinct Four, Position One**
**Harris County, Texas**

**IN THE NAME AND BY AUTHORITY OF**
**THE STATE OF TEXAS**

Before me, the undersigned authority, this day personally appeared the undersigned affiant, who after being duly sworn by me desposes and says that he has good reason to believe and does believe that based on the following information, to wit: citation no.

_4-66952_ Issued by
_P Carpenter, Dept_
_Curry, Floyd A._, hereafter styled the defendant, heretofore on or about
_8-1-87_, in Precinct Four of Harris County, Texas,

did then and there unlawfully,

while operating a motor vehicle upon a public highway and street operate said motor vehicle at an unreasonable speed of

_63_ miles per hour, which was greater than was reasonable and prudent under the circumstances then existing, at which time and place the lawful maximum prima facie reasonable and prudent speed indicated by an official sign then and there was

_35_ miles per hour,

contrary to law and against the peace and dignity of the State.

_____
Affiant

Sworn to and subscribed before me on

_November 4, 1987_.

_____
Clerk of the Court,
Justice of the Peace, Precinct Four, Position One
Harris County, Texas

THE STATE OF TEXAS
COUNTY OF HARRIS

IN JUSTICE COURT
PRECINCT FOUR, POSITION ONE
HARRIS COUNTY, TEXAS

The foregoing instrument is certified by me in my official capacity as Justice of the Peace, Precinct 4, Position 1 to be a true and correct copy of the original in my custody and on file in my office.

_____
H.N. McElroy
Date:

**DEC 2 1988**

## APPENDIX NO. 2

RECEIVED the ____ ____ 19 ___ day of ____ and executed by arresting the within named party

on this ____ day of ____
19 ___

DICK MOORE, CONSTABLE
PRECINCT NO. 4, HARRIS COUNTY

Harris County, Texas

By: _____
Deputy

000046028
991

471715 ____ Case No

THE STATE OF TEXAS
VS
CURRY, FLOYD W.
25302 FAIRBROOK
SPRING, TEXAS

$ 89.00 Fine Amt.

$ 200.00 Bond Amt.

CARPENTER, MCCP
Complainant

### WARRANT OF ARREST

IN JUSTICE COURT
PRECINCT FOUR
HARRIS COUNTY, TEXAS

THE STATE OF TEXAS
COUNTY OF HARRIS

TO ANY SHERIFF, CONSTABLE OR POLICE OFFICER OF THE STATE OF TEXAS GREETINGS:

You are Hereby Commanded to Arrest the body of

CURRY, FLOYD W.

and bring

____ Instanter before me, the undersigned Justice of the Peace at my office located in Precinct Four of Harris County, Texas on the charge of

SPEEDING

____ that he in this, contrary to the form of the Statutes in such cases made and provided, and against the peace and dignity of the State.

HEREIN FAIL NOT, but of this writ make due return showing how you have executed the same.

Given under my hand on

NOV. 16, 1987

R.N. McElroy, Justice of the Peace
Precinct Four, Position One
Harris County, Texas

8-201/04

THE STATE OF TEXAS
COUNTY OF HARRIS

IN JUSTICE COURT
PRECINCT FOUR, POSITION ONE
HARRIS COUNTY, TEXAS

The foregoing instrument is certified by me in my official capacity as Justice of the Peace, Precinct 4, Position 1 to be a true and correct copy of the original in my custody and on file in my office.

R.N. McElroy
Date:

DEC 2 1988

# APPENDIX NO. 3

_471716_ Case No.

THE STATE OF TEXAS
VS.

Curry, Floyd A.

_8-14-87_ File Date

$ _95.00_ Fine Amt.

$ _200.00_ Bond Amt.

IN HARRIS COUNTY JUSTICE COURT
PRECINCT FOUR, POSITION ONE

AFFIDAVIT   FAILURE TO MAINTAIN LIABILITY INSURANCE
Art. 670th. Sec. 1 B (a)

H.N. MC ELROY
Justice of the Peace
Precinct Four, Position One
Harris County, Texas

IN THE NAME AND BY AUTHORITY OF
THE STATE OF TEXAS

Before me, the undersigned authority, this day personally appeared the undersigned affiant, who after being duly sworn by me deposes and says that he has good reason to believe and does believe that based on the following information, to wit: citation no.

_4-66952_ Issued by

_P. Carpenter, HCSD_.

_Curry, Floyd Allen_, hereafter styled the defendant, heretofore on or about

_8-7-87_, in Precinct Four of Harris County, Texas.

did then and there unlawfully,
while operating a motor vehicle upon a public highway and street, did fail to maintain a policy of automobile liability insurance in at least the minimal amounts necessary to provide evidence of financial responsibility and in such amount as is necessary to insure against potential losses, which may arise out of the operation of that vehicle, as required by the Texas Motor Vehicle Safety Responsibility Article, contrary to law and against the peace and dignity of the State.

Affiant

Sworn to and subscribed before me on

_December 4, 1987_.

_Bonita D. Morris_

Clerk of the Court,
Justice of the Peace, Precinct Four, Position One
Harris County, Texas

THE STATE OF TEXAS
COUNTY OF HARRIS

IN JUSTICE COURT
PRECINCT FOUR, POSITION ONE
HARRIS COUNTY, TEXAS

The foregoing instrument is certified by me in my official capacity as Justice of the Peace, Precinct 4, Position 1 to be a true and correct copy of the original in my custody and on file in my office.

H.N. McElroy
Date:

**DEC 2 1988**

## APPENDIX NO. 4

00046038
992

471716 — Case No.

2430

THE STATE OF TEXAS
vs.
CURRY, FLOYD M.
25502 FAIRBROOK
SPRING, TEXAS

$ 110.00 ____ Fine Amt.

$ 200.00 ____ Bond Amt.

$ ____

CARPENTER, HCCP
Complainant

**WARRANT OF ARREST**

IN JUSTICE COURT
PRECINCT FOUR
HARRIS COUNTY, TEXAS

THE STATE OF TEXAS
COUNTY OF HARRIS

TO ANY SHERIFF, CONSTABLE OR POLICE OFFICER OF THE STATE OF TEXAS GREETINGS:

You are Hereby Commanded to Arrest the body of

CURRY, FLOYD M.

and bring

15 ____ whoever before me, the undersigned Justice of the Peace at my office located
in Precinct Four of Harris County, Texas on the charge of

FAIL TO MAINTAIN LIABILITY ____ that in this country to the

form of the Statutes in such cases made and provided, and against the peace and dignity of the State.
HEREIN FAIL NOT, but of this writ make due return showing how you have executed the same.

Given under my hand on

NOV. 16, 1987

H.N. McElroy, Justice of the Peace
Precinct Four, Position One
Harris County, Texas

RECEIVED the ____ N.C. ____ 2 ____ day of
and executed by arresting the within named
party

A.T.C. to do for Justice
on day ____ day of ____
19 ____

PRECINCT NO. 4, HARRIS COUNTY

Harris County, Texas

By: ____
Deputy

THE STATE OF TEXAS
COUNTY OF HARRIS

IN JUSTICE COURT
PRECINCT FOUR, POSITION ONE
HARRIS COUNTY, TEXAS

The foregoing instrument is certified by me in my official
capacity as Justice of the Peace, Precinct 4, Position 1 to
be a true and correct copy of the original in my custody and
on file in my office.

H.N. McElroy
Date: DEC 2 1988