Carlos Earl **MAVINS**

v.

The **STATE** of Texas.

No. 01–92–01173–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 1994.

Discretionary Review Granted
Jan. 11, 1995.

Tom Moran, Houston, for appellant.

John B. Holmes, Jr., Julie Klibert, Terry Yates, Harris County, for appellee.

Before OLIVER–PARROTT, C.J., and HUTSON–DUNN and MIRABAL, JJ.

because Bueckner has not assigned a point of error to that finding.

## OPINION

MIRABAL, Justice.

After his pretrial motion to suppress evidence was overruled, appellant, Carlos Mavins, pled guilty to attempted capital murder and was sentenced to 40 years confinement. We affirm.

In his sole point of error, appellant contends the trial court erred in overruling his motion to suppress evidence. The evidence introduced at the suppression hearing shows that on January 23, 1992, two men robbed a courier at Sam White Oldsmobile, in Houston, Texas. During the course of the robbery, the courier was shot by one of the assailants. The assailants fled and were pursued by a citizen in a high speed chase. The two men eventually jumped out of the car, and one of them, Makeba Thomas, was apprehended. Makeba Thomas gave a written confession implicating appellant as the shooter in the robbery.

At about 4 p.m. the next day, Houston Police Sergeant Clark contacted Houston Police Officer Clarence Douglas about the robbery and shooting. Sergeant Clark told Officer Douglas that one of the robbers had been arrested and had implicated appellant. Officer Douglas had known appellant for several years, and knew that the description of the assailant given by Sergeant Clark matched that of appellant. At that time, Officer Douglas determined that there were some outstanding warrants for appellant's arrest. Officer Douglas then began his search for appellant. When Officer Douglas found appellant approximately *four hours later*, he arrested appellant based on the outstanding arrest warrants.

Appellant contends that the outstanding warrants under which he was arrested were invalid because they were not supported by probable cause. The evidence introduced at trial shows that appellant had been ticketed on two separate occasions for running a red light and for possession of alcoholic beverages by a minor. Appellant failed to appear in court in each case, and the deputy clerk of

the City of Houston Municipal Courts signed a "Certificate of Defendant's Failure to Appear." In each case, a warrant for appellant's arrest for failure to appear was issued by the judge of the City of Houston Municipal Court. A "Complaint" for appellant's failure to appear was also sworn in each case.

■ In support of his argument that the warrants are invalid, appellant cites the cases of *Curry v. State*, 815 S.W.2d 263 (Tex. App.—Houston [14th Dist.] 1991, no pet.), and *Gordon v. State*, 801 S.W.2d 899 (Tex. Crim.App.1990). In both cases, the *complaints upon which the warrants were issued* were held to be insufficient to show probable cause, because they were wholly conclusory and did not contain any factual information to show the underlying bases for the affiant's conclusions. *Curry*, 815 S.W.2d at 265–66; *Gordon*, 801 S.W.2d at 916. In the present case, appellant attacks the sufficiency of the two "Complaints," which are worded similarly to the defective complaints in *Curry* and *Gordon*. However, this case is distinguishable from *Curry* and *Gordon* because the arrest warrants in the present case were clearly not issued merely "upon" the two complaints appellant targets. Rather, the arrest warrants were issued upon the personal knowledge of the judges before whom appellant had failed to appear, as well as upon the "Clerk's Certificate of Defendant's Failure to Appear" in each case.

The evidence includes the following certificate [1], certifying that appellant failed to appear for arraignment in Cause No. 01934918, in Houston's Municipal Court No. 8, in connection with the charge of possession of alcoholic beverages by a minor:

### CLERK'S CERTIFICATE
### OF DEFENDANT'S
### FAILURE TO APPEAR

ON THE 5TH DAY OF DECEMBER, 1991 THIS CAUSE CAME ON FOR ARRAIGNMENT AND IN ACCORDANCE WITH MY OFFICIAL DUTIES OF OFFICE, I, THE UNDERSIGNED DEPUTY CLERK OF THE CITY OF HOUS-

---

1. Before the documents were separated and numbered as exhibits at trial, the "Certificate of Defendant's Failure to Appear" was attached to the arrest warrant, the citation, and the complaint.

TON MUNICIPAL COURTS WAS PRESENT IN THE COURTROOM WHEN THIS CAUSE WAS CALLED ON THE DOCKET AND I PERSONALLY OBSERVED THAT THE DEFENDANT DID NOT APPEAR OR ANSWER IN THE COURTROOM. PURSUANT TO THE ORDER OF THIS COURT AND IN ACCORDANCE WITH MY OFFICIAL DUTIES OF OFFICE, I DISTINCTLY CALLED THE DEFENDANT'S NAME THREE (3) TIMES AT THE COURTHOUSE DOOR IN ACCORDANCE WITH LAW AND, AFTER A REASONABLE TIME GIVEN TO THE DEFENDANT TO ANSWER AND APPEAR, THE DEFENDANT NEITHER ANSWERED NOR APPEARED.

EXECUTED UNDER THE OFFICIAL SEAL OF MY OFFICE THIS 5TH DAY OF DECEMBER, 1991.

/S/ FRED GARDNER
DEPUTY CLERK, CITY OF HOUSTON
MUNICIPAL COURTS

_____
JUDGE, MUNICIPAL COURTS

FILED
DEC 05 1991
CHIEF CLERK

_____

CITY OF HOUSTON
HARRIS COUNTY, TEXAS

/S/ FRED GARDNER
DEPUTY CLERK

The warrant of arrest for appellant's failure to appear in Municipal Court No. 8 on December 5, 1991 states:

WARRANT OF ARREST

FTA

TO ANY PEACE OFFICER THEREOF: THE JUDGE OF THIS COURT STATES THAT *WITHIN THE PERSONAL KNOWLEDGE OF THE COURT*, THE DEFENDANT NAMED IN THE COMPLAINT, WHICH IS ATTACHED HERETO AND MADE A PART OF THIS WARRANT FOR ALL PURPOSES, COMMITTED THE OFFENSE OF 'FAILURE TO APPEAR' ON THIS DATE. YOU ARE COMMANDED TO ARREST THE DEFENDANT INSTANTER AND BRING HIM BEFORE THE COURT TO BE DEALT WITH ACCORDING TO LAW.

DATE: 12/05/91          /S/ _____
                        JUDGE OF THE MUNICIPAL COURTS
                        FOR THE CITY OF HOUSTON

FTA CASE: 10253286—          BOND AMOUNT: 150.00
CASE NUMBER: 01934948—        BOND AMOUNT: 200.00

_____

(Emphasis added.)

The evidence contains similar documents in connection with appellant's failure to appear for arraignment on July 18, 1990 in Municipal Court No. 6, in relation to the charge against appellant of running a red light.

The clerk's certificate of defendant's failure to appear is signed and stamped with the Seal of Texas; the clerk issued it under the authority of his office, and his office gives him the authority to issue oaths. TEX.GOV'T CODE ANN. §§ 30.265 (Vernon 1988) & 602.002 (Vernon 1994); *Tullos v. State,* 162 Tex.Crim. 271, 284 S.W.2d 715, 717–18 (App. 1955) (deputy municipal court clerk authorized to act in own name). The clerk's certificate, along with the judge's personal knowledge stated in the arrest warrant, show the arrest warrant was supported by sufficient probable cause.

■ The trial court did not abuse its discretion in overruling appellant's motion to

suppress.[2] Accordingly, we overrule appellant's sole point of error.

We affirm the judgment.

**2.** A trial court's ruling on a motion to suppress will not be set aside absent a showing of abuse of discretion. *Maddox v. State,* 682 S.W.2d 563, 564 (Tex.Crim.App.1985).