**Geoffery Leonard ATKINS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–97–00525–CR**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 21, 1999.

Patricia Fortney-Sedita, Houston, for appellant.

John B. Holmes, Rikke Burke Graber, Houston, for appellee.

Panel consists of Chief Justice SCHNEIDER and Justices COHEN and MIRABAL.

### OPINION

MARGARET GARNER MIRABAL, Justice.

Following denial of his motion to suppress, appellant, Geoffery Leonard Atkins, pled nolo contendere to possession of cocaine, less than one gram, pursuant to a plea bargain. The trial court found him guilty and assessed punishment at two years confinement, probated for four years, plus a $500 fine. We affirm.

### *Jurisdiction*

As a preliminary matter, the State asserts we are without jurisdiction to hear this appeal because appellant initially filed only a general notice of appeal. It is undisputed, and the record shows, that appellant told the trial court his plea was conditioned on ap-

pealing the trial court's denial of his suppression motion.

On October 20, 1998, in response to this Court's order, appellant filed an amended notice of appeal pursuant to Texas Rule of Appellate Procedure 25.2(d). The amended notice of appeal complies with Rule 25.2(b)(3). Accordingly, appellant has properly perfected his appeal. See *Glenn v. State*, 1997 WL 706737, —— S.W.2d —— (Tex.App.—Houston[1st Dist.] 1997, pet. ref'd) (designated for publication).

### Suppression

In his sole point of error, appellant asserts the trial court erred in overruling his motion to suppress the evidence seized because the arrest was based on an insufficient warrant.

▬ We review de novo a trial court's determination of reasonable suspicion and probable cause. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). However, we afford almost total deference to a trial court's determination of historical facts that the record supports, especially when the findings are based on an evaluation of credibility and demeanor. *Id.* In reviewing a ruling on a question of the application of law to facts, we review the evidence in the light most favorable to the trial court's ruling. *Id.*

▬ The record on appeal includes a clerk's record and a reporter's record of the suppression hearing. At the suppression hearing, the trial court considered the disputed warrant and underlying documents, an affidavit by the arresting officer, an affidavit by appellant's trial counsel, and counsels' arguments.

The affidavit of the arresting officer, George Schaudel, explains that he arrested appellant pursuant to an outstanding warrant, which Officer Schaudel discovered in the ordinary course of issuing a citation:

My name is George Schaudel. I am a certified peace officer employed by the Houston Police Department. I was assigned to bike patrol on December 21,

1996. I was working with Houston Police Department Officer Stephen Wick.

Officer Wick and I were patrolling the 1600 block of Franklin Street at approximately 3:00 p.m. The 1600 block of Fannin Street is a location in Harris County, Texas. The 1600 block of Franklin Street is also located within the central business district of the City of Houston.

While patrolling the south side of 1600 Franklin, I observed two males standing in a vacant parking lot. Each of the males was holding a can of beer in his hand. The beer can held by one male was unopened. The beer can held by the other male was open in violation of Houston Code Section 3–3.[1] The latter male holding the open beer can identified himself to me as Geoffrey [sic] Leonard Atkins.

I took the open beer can from Mr. Atkins and wrote him a citation for possessing an open container of an alcoholic beverage in the central business district. As I wrote the citation Mr. Atkins remarked, "I didn't even get to drink it." Officer Wick ran Mr. Atkins for open warrants at the same time. Officer Wick's check revealed that Mr. Atkins had two open city warrants.

I placed Mr. Atkins under arrest for the open city warrants. I searched the coat Mr. Atkins was wearing incident to his arrest. I discovered a glass pipe in the coat pocket. As the person wearing the coat, Mr. Atkins was in a position to exercise actual care, custody, control or management over the glass pipe found in the coat pocket. When I discovered the glass pipe Mr. Atkins exclaimed, "the other guy must have put that there!" Portions of the inside of the pipe were coated with a residue. My training and experience led me to suspect that the glass pipe was coated with residue from crack cocaine. I conducted a field test on the pipe in order to confirm my suspicion. The field test I conducted on the residue was positive for the presence of cocaine. I could not weigh the residue in the glass pipe. However, the amount of residue appeared to be less

---

1. Section 3–3 is a city ordinance prohibiting any person from being in possession of an open container of alcoholic beverage in the central business district. Houston, Tex., Code § 3–3.

than one gram based on my observation, training, and experience.

Officer Avant from the Houston Police Department checked by the arrest scene. He transported Mr. Atkins to jail. Officer Avant also took custody of the glass pipe and dropped it off at the narcotics drop box.

Appellant contends the outstanding warrant under which he was arrested was invalid because it was not supported by probable cause.[2] If there was no probable cause, then the crack pipe seized must be suppressed. TEX.CODE CRIM. P. ANN. art. 38.23(b) (Vernon Supp.1999).[3]

Appellant asserts the warrant is invalid because it relies on conclusory language. A judge of the City of Houston Municipal Court issued the warrant because appellant failed to appear in municipal court for a traffic violation.

The evidence introduced at the hearing shows that appellant was ticketed on July 12, 1996 for expired vehicle registration. The ticket required appellant either to pay a fine or appear in municipal court on August 8, 1996. On August 8, 1996, the municipal court issued an arrest warrant for appellant, which provides in relevant part:

To any peace officer thereof: The Judge of this Court states that *within the personal knowledge of the Court*, the defendant named in the complaint, which is attached hereto and made a part of this warrant for all purposes, committed the offense of 'failure to appear' on this date. You are commanded to arrest the defendant [illegible]

**2.** Although Officer Schaudel's affidavit refers to two open city warrants, only one was introduced at the suppression hearing. This case involves only the single warrant.

**3.** The evidence would be excluded pursuant to article 38.23(a) of the Texas Code of Criminal Procedure. Texas's version of the "good-faith exception" to the exclusionary rule, codified at section (b) to article 38.23, would not apply to allow the evidence if there was no probable cause for the underlying warrant. *Gordon v. State*, 801 S.W.2d 899, 912–13 (Tex.Crim.App. 1990), *overruled on other grounds, Heitman v. State*, 815 S.W.2d 681, 685 (Tex.Crim.App.1991); *Carroll v. State*, 911 S.W.2d 210, 223 (Tex.App.— Austin 1995, no pet.). Article 38.23 provides:

and bring him before the Court to be dealt with according to law.

Date: 08/08/96

/s/ [ (illegible first name) Law]
Judge of Municipal Courts
for the City of Houston

(emphasis added). The complaint referenced in the warrant provides in relevant part:

In the name and authority of the State of Texas:

I, the undersigned affiant, do solemnly swear that I have good reason to believe, and do believe that Atkins, Geoffery L., hereinafter called defendant, heretofore, on or about the 8th day of August A.D., 1996, and before making and filing of this complaint, within the incorporated limits of the City of Houston, County of Harris and State of Texas, did then and there unlawfully and knowingly fail to appear in municipal court number 7 of the City of Houston, Texas at 10:00 am in accordance with the terms of his release after having been lawfully released from custody on condition that he subsequently appear in said court.

Against the peace and dignity of the State.

/s/ [Linda Sue Delon]
Affiant

The record does not include a clerk's certificate, which is frequently used in such failure-to-appear cases to provide factual information to show the underlying bases for the affiant's conclusions. *See, e.g., Mavins v. State*, 886 S.W.2d 378, 379–80 (Tex.App.— Houston [1st Dist.] 1994), *pet. dism'd, improvidently granted*, 908 S.W.2d 462 (Tex. Crim.App.1995). Neither the warrant nor

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
. . . .
(b) It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate **based on probable cause.**
(Emphasis added.)

the complaint refers to a clerk's certificate, and it appears that none was prepared in this case.

Appellant complains that the affiant, Ms. Delon (an unspecified, court official), made conclusory statements that appellant failed to appear, rather than stating any specific bases for her conclusions such as "affiant called appellant's name in the courtroom and he failed to respond." In support of his argument that the warrant is invalid because it is based on conclusory statements, appellant cites *Gordon v. State*, 801 S.W.2d 899 (Tex. Crim.App.1990), *overruled on other grounds, Heitman v. State*, 815 S.W.2d 681, 685 (Tex. Crim.App.1991). In *Gordon*, the *complaint upon which the warrant was issued* was held to be insufficient to show probable cause, because it was wholly conclusory and did not contain any factual information regarding why the failure to appear was unlawful. *Id.,* 801 S.W.2d at 916. Here, however, the affiant explains why appellant's failure to appear was unlawful: "[Appellant] did ... fail to appear ... in accordance with the terms of his release after having been lawfully released from custody on condition that he subsequently appear in said court."

*Gordon*, which does not set out the language of the warrant, is further distinguishable from the present case because here *the face of the warrant* shows the municipal judge possessed personal knowledge of the offense. The warrant expressly provides the offense was "within the personal knowledge of the court." The warrant is signed by the municipal judge and is dated August 8, 1996, the date appellant was scheduled to appear.

Appellant has not asserted any reason why a municipal judge may not rely upon personal knowledge that a person failed to appear in the judge's court in issuing a warrant. Nor are we aware of any. There is no showing that the judge was not neutral and detached. *See Coolidge v. New Hampshire*, 403 U.S. 443, 453, 91 S.Ct. 2022, 2031, 29 L.Ed.2d 564 (1971) (attorney general was not a neutral and detached magistrate when he oversaw investigation and served as chief prosecutor in trial).

For the foregoing reasons, we hold the warrant was valid. In reaching this conclu-

sion, we emphasize that failure to appear in court is a unique offense for purposes of issuing a warrant, because by its very nature it is typically within the court's personal knowledge. *Cf. Green v. State*, 615 S.W.2d 700 (Tex.Crim.App. [Panel Op.] 1980) (warrant issued based on conclusory language and the facts were not within personal knowledge). Also, there is no risk that the court's exposure to evidence of the underlying offense limits its neutrality because appearance or non-appearance is an objective event— either the party is in court or he is not in court.

We overrule point of error one.

We affirm the judgment.