**Terrance Dewayne BROOKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–01–00080–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 14, 2002.

Kevin C. Rekoff, Galveston, for appellant.

B. Warran Goodson, Jr., Galveston, for appellee.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

Appellant Terrance Dewayne Brooks appeals his conviction of possession with intent to deliver a controlled substance. He contends the trial court erred by denying his motion to suppress and by improperly admitting evidence of extraneous offenses during punishment. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 30, 1998, during the usual midnight shift briefing, Texas City patrol

officers learned that appellant was a suspect in a series of armed robberies and had several outstanding municipal court warrants. The officers were provided with a description of appellant and his vehicle. The vehicle was described as a beige Oldsmobile Cutlass Supreme, with license plate number 117VQN.

Early the next morning, Officer John Zimmers saw an unoccupied vehicle matching the description of appellant's automobile at the Sundance Apartments in Texas City. After a few hours of surveillance, Officer Zimmers saw an African–American male fitting appellant's description, using a cellular telephone and holding a plastic bag containing a white substance, get in the car and drive away. Officer Zimmers immediately notified the police dispatch operator and his supervisor, Sergeant LaRoe.

Officer Brett Cyr, patrolling nearby in an unmarked police car, saw the vehicle leave the apartment complex. Officer Cyr allowed the vehicle to pass him and then positioned his vehicle behind appellant's vehicle at a stop light and activated his emergency lights. Two other police cars did the same. Appellant slowed briefly, but continued through the red light, going east. Officer Cyr turned on his siren after he saw appellant running the red light. With emergency lights engaged and siren on, Officer Cyr pursued the vehicle to 13th Avenue, where it turned into the parking lot of the Bay Point Apartments.

Officer Zimmers, already parked in the Bay Point Apartments' parking lot, watched appellant's vehicle as it entered the complex. Officer Zimmers got out of his car and drew his weapon when appellant's car approached him. Appellant accelerated and drove toward Officer Zimmers. After passing Officer Zimmers, appellant jumped from his still moving vehicle and started to run. Officer Zimmers and Sergent LaRoe saw appellant run into the apartment complex carrying a transparent plastic bag containing a white substance. Sergeant LaRoe chased appellant until he eventually tackled him. Then, with assistance from other officers, Sergeant LaRoe restrained appellant. The officers took appellant into custody and seized the plastic bag in his possession. The contents of the plastic bag tested positive for cocaine. The Texas City police arrested appellant.

Appellant provided a slightly different version of the events. Appellant testified that although he saw the police car behind him, he did not stop because he believed he was not doing anything wrong. Furthermore, appellant testified that the reason he jumped from his moving car and started to run was not because he was carrying 400 grams of cocaine, but because he saw an officer holding a weapon and was afraid of being shot. Appellant claims that Officer Zimmers drew his gun before appellant drove toward him.

Appellant was indicted with the felony offense of possession of more than 400 grams of cocaine with the intent to deliver. He filed a motion to suppress the cocaine seized during his arrest. After a hearing, the trial court denied appellant's motion to suppress. Appellant then entered a plea of no contest and waived his right to a jury trial. The trial court found appellant guilty as charged and assessed punishment at forty years' confinement in the Texas Department of Criminal Justice, Institutional Division.

## II. MOTION TO SUPPRESS

In his first point of error, appellant contends the trial court erred in denying his motion to suppress evidence obtained during his arrest. More specifically, appellant argues that the police lacked probable cause to arrest and search him based on outstanding municipal arrest warrants.

At the hearing on appellant's motion to suppress, the State asserted the following three grounds in justification of appellant's arrest and search: (1) nineteen separate Texas City municipal arrest warrants 'for the failure to appear'; (2) evading arrest; and (3) possession of cocaine. The trial court denied appellant's motion to suppress on the ground that seven of the nineteen municipal arrest warrants were supported by probable cause. Appellant contends the trial court erred because the warrants fail to contain sufficient factual assertions by an affiant with personal knowledge to establish probable cause. Appellant's contention, as to the seven warrants at issue, lacks merit.[1]

### A. Standard of Review

We review the trial court's ruling on a motion to suppress evidence under an abuse of discretion standard. *Long v. State*, 823 S.W.2d 259, 277 (Tex.Crim.App. 1991). A trial court's ruling on a motion to suppress, if supported by the record, will not be overturned. *Hill v. State*, 902 S.W.2d 57, 59 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd). At a suppression hearing, the trial judge is the sole finder of fact. *Arnold v. State*, 873 S.W.2d 27, 34 (Tex.Crim.App.1993); *Hill*, 902 S.W.2d at 59. The trial judge is free to believe or disbelieve any or all of the evidence presented. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990).

In reviewing a trial court's ruling on a motion to suppress, we afford almost total deference to the trial court's determination of the historical facts that the record supports, especially when the trial court's findings turn on evaluating a witness's credibility and demeanor. *State v. Ross*, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). We afford the same amount of deference to the trial court's ruling on "application of law to fact questions," also known as "mixed questions of law and fact," if resolving those ultimate questions turns on evaluating credibility and demeanor. *Ross*, 32 S.W.3d at 856.

Review of a trial court's decision on a motion to suppress calls for the reviewing court to consider *de novo* issues that are purely questions of law, such as whether reasonable suspicion or probable cause existed at the time of the search or seizure. *See Guzman*, 955 S.W.2d at 89. If the trial court's ruling is reasonably supported by the record and is correct on any theory of law applicable to the case, the reviewing court will sustain it upon review. *See Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996). This is true even if the decision is correct for reasons totally different from those espoused at the hearing. *See id.*

In this case, the trial court specifically stated it was denying the motion to suppress on the sole ground that the seven municipal warrants provided the officers with probable cause to arrest and search appellant. Because the trial court specified its reason for denying the motion, we must first address that ground. However, if we disagree with the trial court's reason, but find its ruling on the motion to sup-

---

1. Appellant correctly notes, however, that State's exhibits eight through nineteen, the other arrest warrants considered by the court during the motion to suppress hearing, lack probable cause because they are not supported by affidavits made by individuals with personal knowledge. During the motion to suppress hearing, testimony revealed that several of the affidavits were not sworn by the officer who actually observed events alleged in the warrant itself. Moreover, at the end of the suppression hearing, the trial court specifically held that exhibits eight through nineteen are not valid warrants and could not be used to provide probable cause to arrest and search appellant.

press correct on a different theory of law applicable to the case, we still may sustain its decision.

## B. Probable Cause to Arrest and Search

 The United States and Texas Constitutions protect against unreasonable seizures and prohibit warrants lacking probable cause. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. Arrests generally must be supported by the same level of probable cause, with or without a warrant. *See Whiteley v. Warden, Wyo. State Penitentiary,* 401 U.S. 560, 564–66, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). A detached and neutral magistrate must find probable cause before a warrant for an arrest may be issued. *Coolidge v. New Hampshire,* 403 U.S. 443, 449, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). For purposes of constitutional scrutiny, there is no substantial difference between an arrest warrant and a capias. *Sharp v. State,* 677 S.W.2d 513, 517 (Tex.Crim.App.1984).

 An affidavit must provide the magistrate with sufficient factual information to support an independent judgment that probable cause exists to believe that the accused has committed an offense. *McFarland v. State,* 928 S.W.2d 482, 509 (Tex.Crim.App.1996). Thus, the magistrate's action cannot be a mere ratification of the bare conclusions of others. *Illinois v. Gates,* 462 U.S. 213, 239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In determining the sufficiency of an affidavit supporting an arrest warrant, a reviewing court is limited to the "four corners" of the affidavit. *Id.* at 510, 103 S.Ct. 2317. Affidavits are viewed in a common sense rather than hypertechnical manner. *Id.* A presumption is indulged in favor of the regularity of the proceedings in a lower court unless the record presents affirmative evidence to

the contrary. *Garza v. State,* 896 S.W.2d 192, 197 (Tex.Crim.App.1995).

State's exhibits one through seven are municipal warrants issued for appellant's arrest for failure to appear. A close review of these exhibits shows that the affidavits and complaints were prepared by the municipal court clerk of Texas City, in her capacity as a custodian of the records in Municipal Court. The court clerk swore that appellant had failed to appear as ordered before the Municipal Court of Texas City to face various traffic and driving violations. The language in all seven complaints, as referenced in the warrants, provides in relevant part:

IN THE NAME AND AUTHORITY OF THE STATE OF TEXAS:

I, the undersigned affiant, do solemnly swear that I have good reason to believe, and do believe that on or about [said date] and before making and filing of this complaint, within the corporate limits of the City of Texas City, in Galveston County, and State of Texas, Terrance Dewayne Brooks did then and there intentionally and knowingly violate his written promise to appear in Municipal Court in the City of Texas City, Texas, by failure to appear in said court on or before [said date].

AGAINST THE PEACE AND DIGNITY OF THE STATE.

/s/ [LaWanda Shelton]
Affiant

Appellant complains that the affiant, LaWanda Shelton, made conclusory statements that appellant failed to appear, rather than stating any specific bases for her conclusions. Appellant points out that Shelton failed to state that she had personal knowledge of the events leading up to appellant's failure to appear. Appellant also points out that Shelton did not allege that she was present and witnessed his failure to appear on the promised dates.

Appellant claims that Shelton only alleges that the records of the Municipal Court indicate the conclusions listed in the affidavit: (1) appellant was cited for some offense by an officer; (2) appellant executed a promise to appear; and (3) appellant failed to appear on the promised date.

In support of his argument that the warrants are invalid, appellant cites to three cases: *Gordon v. State*, 801 S.W.2d 899 (Tex.Crim.App.1990); *Miller v. State*, 736 S.W.2d 643 (Tex.Crim.App.1987); and *Green v. State*, 615 S.W.2d 700 (Tex.Crim. App.1981). Appellant's reliance on these cases is misplaced. In all of them, the complaints upon which the warrants were issued were held to be insufficient to show probable cause because they were wholly conclusory and did not contain any factual information to show the underlying bases for the affiant's conclusions. These cases are distinguishable.

In *Gordon*, the affidavit was based on a mere conclusion of an officer that the defendant committed a crime. 801 S.W.2d at 912. In fact, the affidavit did not contain any underlying information about how the officer got the information or whether he had personal knowledge of the information. *See id.* Here, because Shelton executed the affidavit in her capacity as court clerk, it is apparent from the face of the affidavit that she had personal knowledge of whether appellant failed to appear.

In *Green*, the complaint in the form of the affidavit on which the warrant for Green's arrest issued, alleged:

Before me, Tommy Turner, Assistant Criminal District Attorney of Lubbock County, Texas, this day personally appeared C.H. Blanchard, who, after being sworn, upon oath says that he has good reason to believe and does believe and charge that one Leroy Green ... on or about the 12th day of January, A.D. 1975, and before the making of this com-

plaint in Lubbock County, and State of Texas, did then and there intentionally and knowingly cause the death of an individual, Warren Andrew McKay, by shooting him with a gun. . . .

615 S.W.2d at 705. Analyzing appellant's complaint as an insufficient affidavit, the court held that it is "instantly apparent that this affidavit consists of nothing more than Sheriff Blanchard's conclusion that appellant perpetrated the murder described in the complaint." *Id.* Sheriff Blanchard's suspicion, belief or mere conclusion that appellant committed the offense described in Blanchard's affidavit in the form of a complaint is not enough. *Id.*

In *Miller*, the record contained the following affidavit similar to the complaint at issue here:

I, Ventura Cerda, do solemnly swear that *I have good reason to believe, and do believe and charge*, that heretofore, on, or about the 25th day of March, 1982, in the County of Hidalgo and State of Texas, Wilfred Miller, hereinafter called Defendant, did then and there while in the course of committing theft and with intent to appropriate property of Roberto Mora to wit: money, without the effective consent of the said Roberto Mora and with itent [sic] to deprive the said Roberto Mora of said property, did then and there by using and exhibiting a deadly weapon, to wit: handgun intentionally and knowingly place Rebecca Ramirez in fear of imminent bodily injury.

736 S.W.2d at 647 (emphasis added) (brackets in original). The court held that such an affidavit is insufficient to establish probable cause for a neutral and detached magistrate to issue an arrest warrant. *Id.* at 643. The *Miller* court found the situation similar to that in *Green*, deeming it significant that both cases contained the following language: he "[the affiant] has

good reason to believe and does believe and charge ..." *Id.* at 647 (citing *Green*, 615 S.W.2d at 705). In both affidavits, the affiant continues by merely reciting the statutory elements of the charged offenses—murder in the *Green* case and robbery in the *Miller* case. Again, the key distinguishing factor in the case before us is that we are dealing with the failure to appear, an offense which requires a lower threshold of proof and which can be readily determined.

 Appellant, relying on these cases, argues that the language: "[the affiant] has good reason to believe and does believe and charge," is conclusory and insufficient to support a finding of probable cause. Although similar language appears in the warrants now before us, appellant fails to recognize several distinguishing facts. First, there are two separate documents supporting each individual warrant—an affidavit and a complaint. The affidavits do not make such conclusory statements at all. The language "good reason to believe and does believe" does not appear in the affidavit, only in the complaint.

Second, and most importantly, the affidavits in the cases cited by appellant were not made for a "failure to appear," verified by the clerk of the court; rather, they were conclusory affidavits issued by police officers without personal knowledge or *underlying facts* describing the officer's conclusion. It is not necessary to have such specificity in this case.

Third, unlike the warrants in *Green*, *Miller*, and *Gordon*, the arrest warrants at issue here were not issued merely "upon" the events leading to the warrant; rather, the arrest warrants were issued upon the clerk's affidavit of personal knowledge of appellant's failure to appear. Shelton, the clerk/affiant, explains in each affidavit why appellant's failure to appear was unlawful,

*e.g.,* "[Appellant] did violate his written promise to appear before the Municipal Court of Texas City, Galveston County, Texas to answer the charge of [said offense] issued against him." The affidavits also indicate that Shelton reviewed appellant's statements that he promised to appear and the citations ordering his appearance. Shelton signed the affidavits and came about the knowledge that appellant failed to appear in her capacity as clerk of court.

We note that the record does not include any clerk's certificate, which is frequently used in failure-to-appear cases to provide factual information to show the underlying bases for the affiant's conclusions. *See, e.g., Mavins v. State,* 886 S.W.2d 378, 379–80 (Tex.App.—Houston [1st Dist.] 1994, pet. dism'd). Neither the warrants nor the complaint refer to any clerk's certificate, and it appears that none were prepared in this case. Nevertheless, the clerk's affidavit and each complaint of appellant's failure to appear is signed and stamped with the Seal of the State of Texas; the clerk issued them under the authority of her office, and her office gives her the authority to issue oaths. *See* TEX. GOV'T CODE ANN. §§ 30.265 (Vernon 1988) & 602.002 (Vernon 1994); *Tullos v. State,* 162 Tex. Crim. 271, 284 S.W.2d 715, 717–18 (1955) (finding deputy municipal court clerk authorized to act in own name).

We hold that the municipal warrants issued were valid. The failure to appear in court is a unique offense for purposes of issuing a warrant. By its very nature, a defendant's failure to appear is typically within the court's personal knowledge. *Atkins v. State,* 984 S.W.2d 780, 783 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Whether the defendant appears or fails to appear is an easily ascertainable, objective event—either the party is in court or he is

not in court. *Atkins,* 984 S.W.2d at 783.[2] The trial court issuing each of the warrants in this case was supplied with sufficient information to support an independent judgment that probable cause existed for the warrants. Therefore, the fact that appellant had several outstanding warrants gave the officers probable cause to arrest him. *See Welcome v. State,* 865 S.W.2d 128, 134 (Tex.App.—Dallas 1993, pet. ref'd); *Dempsey v. State,* 857 S.W.2d 759, 761 (Tex.App.—Houston [14th Dist.] 1993, no pet.). Because the warrants provided the officers with probable cause to follow and arrest appellant, the subsequent search and seizure was also justified. The search which yielded the cocaine was a search incident to a lawful arrest.

Even if we determined that the municipal warrants were not supported by probable cause, the officers still had probable cause based on the other two grounds urged by the State at the suppression hearing. If the trial court's ruling is correct on any theory of law applicable to the case, we may sustain it upon review. *See Villarreal v. State,* 935 S.W.2d 134, 138 (Tex.Crim.App.1996). This is true even if the decision is correct for reasons totally different from those espoused at the hearing. *See id.* Therefore, even if the trial court stated an incorrect reason for denying the motion to suppress, we may sustain its ruling on separate grounds. The State urged that the officers also had probable cause based on the fact that appellant evaded arrest and was in possession of cocaine. We agree.

Appellant testified that he saw the police following him, but he failed to stop because he believed that he was not doing anything wrong. Appellant continued to drive through a red light, jumped from his car when he saw a policeman trying to stop him, and ran away from the police into an apartment complex. Appellant's flight from the police officers, after they ordered him to stop, provided the police with probable cause to believe that appellant was evading arrest or detention. *See Reyes v. State,* 899 S.W.2d 319, 324 (Tex.App.—Houston [14th Dist.] 1995, pet. ref'd) (stating flight from show of authority is a factor in support of finding reasonable suspicion of criminal activity). A person evades arrest or detention if he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him. *See* Tex. Pen.Code Ann. § 38.04(a) (Vernon 1994). Furthermore, the police saw appellant carrying a bag of cocaine in his hand as he ran from his car to the apartment complex. A peace officer may arrest an offender without a warrant for any offense committed in the officer's presence or within the officer's view. *See* Tex.Code Crim. Proc. Ann. art. 14.01(b) (Vernon 1977). Before the officers even touched appellant, they had probable cause to arrest him for unlawful possession of cocaine because they could see a white substance they believed to be cocaine in a transparent bag in appellant's hands. *See Haley v. State,* 811 S.W.2d 600, 603 (Tex. Crim.App.1991); *Rosalez v. State,* 875 S.W.2d 705, 720–21 (Tex.App.—Dallas 1993, pet. ref'd). Therefore, we find the trial court did not abuse its discretion in

---

**2.** *Compare Mavins v. State,* 886 S.W.2d 378, 379 (Tex.App.—Houston [1st Dist.] 1994, pet. dism'd) (holding that arrest warrant for failure to appear was supported by probable cause where personal knowledge of judge and clerk was expressly set forth in warrant and clerk's certificate respectively) *with Kosanda v. State,* 727 S.W.2d 783, 785 (Tex.App.— Dallas 1987, pet. ref'd) (holding arrest warrant for failure to appear invalid because there was no evidence that the alleged failure to appear had occurred in the presence of the justice of the peace, and no authority that would allow the court to assume that the justice had such personal knowledge).

denying appellant's motion to suppress. We overrule appellant's first point of error.

### III. EXTRANEOUS OFFENSES

█ In his second point of error, appellant contends the trial court erred by considering, during punishment, extraneous offenses contained in a pre-sentence investigation report. More specifically, appellant argues the trial court should not have considered the offenses because the State failed to provide notice under article 37.07, section 3(g) of the Texas Code of Criminal Procedure. We review the trial court's ruling as to the admissibility of extraneous offense evidence under an abuse of discretion standard. *Mitchell v. State,* 931 S.W.2d 950, 953 (Tex.Crim.App. 1996).

Appellant timely sent a letter to the State requesting notice of all extraneous offenses, bad acts or character evidence to be used against him at the punishment hearing. The State does not dispute this fact, but maintains that there is no showing that the trial court considered anything other than final convictions. Thus, the State argues, appellant's rights under section 3(g) were not violated. We agree.

█ At the punishment hearing, appellant's objection to the pre-sentence report was based solely on article 37.07, section 3(g) of the Texas Code of Criminal Procedure, which provides:

On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a *final conviction* in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the

notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice.

TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (Vernon Supp.2002) (emphasis added). The purpose of the notice requirement is to avoid unfair surprise and trial by ambush. *See Nance v. State,* 946 S.W.2d 490, 493 (Tex.App.—Fort Worth 1997, pet. ref'd). Reports of prior arrests and offenses without convictions are generally held not admissible on the issue of punishment. *Bermudez v. State,* 504 S.W.2d 868, 872 (Tex.Crim.App.1974); *see* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon 1981). However, if the trial court considers only evidence which has resulted in a final conviction, notice is not required. *See Woodard v. State,* 931 S.W.2d 747, 750 (Tex.App.—Waco 1996, no pet.) (holding that appellant was not entitled to notice for extraneous offenses which have resulted in a final conviction).

█ Even if the information in the pre-sentence report about the prior arrests or bad acts without final convictions was improperly admitted without notice over appellant's valid objection, we still must determine whether it was reversible error because it affected appellant's substantial rights. TEX.R.APP. P. 44.2(b); *Johnson v. State,* 43 S.W.3d 1, 3–4 (Tex.Crim.App. 2001). In this context, error affects a substantial right when it has a substantial and injurious effect or influence in determining the trial court's sentencing decision. *See Johnson,* 43 S.W.3d at 4. When overruling appellant's objections to the pre-sentence investigation report, the trial court specifically stated it would consider

*only* those offenses which had resulted in a final conviction.

The range of punishment for possession of 400 or more grams of cocaine with the intent to deliver is fifteen to ninety-nine years or life and a fine of up to $250,000. TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 2001). The trial court sentenced appellant to forty years' imprisonment and no fine, after the State requested a sentence of sixty years' imprisonment. Appellant's prior final convictions included a felony conviction for cocaine possession. This conviction appears in the enhancement paragraph of the indictment. Given appellant's prior conviction for cocaine possession, the trial court's statement that its punishment determination would not be based on any prior arrest or offense for which there was no final conviction, and the sentence given by the trial court, we conclude that the failure of the State to give appellant notice under article 37.07, section 3(g) of the Texas Code of Criminal Procedure did not have a substantial and injurious effect or influence in determining the trial court's sentencing decision. *See Patton v. State,* 25 S.W.3d 387, 394 (Tex. App.—Austin 2000, pet. ref'd) (holding that even if admission of prior conviction for criminal mischief during punishment phase was erroneous, it would not have been reversible error). Therefore, we hold that, even if the State's failure to give appellant notice under article 37.07, section 3(g) of the Texas Code of Criminal Procedure was error, it was harmless error on the facts of this case. *See* TEX.R.APP. P. 44.2(b); *Patton,* 25 S.W.3d at 394. We overrule appellant's second point of error.

Having found no error, we affirm the trial court's judgment.