Affirmed and Memorandum Opinion filed May 3, 2005









Affirmed and Memorandum Opinion
filed May 3, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01418-CR

____________

 

DERRICK DEWAYNE WILLIAMS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

__________________________________________________________

 

On Appeal from the 344th District Court

Chambers County, Texas

Trial Court Cause No. 12750

__________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant, Derrick Dewayne
Williams, was charged with possession of cocaine.  Appellant contends that the trial court erred
in denying his motion to suppress evidence obtained from a search executed
without a warrant.  We affirm.








I.  Factual and
Procedural Background

Shortly after 11:00 p.m. on
September 28, 2002, appellant was speeding on Interstate 10 in Chambers
County.  Trooper Jack Crawford of the
Texas Department of Public Safety signaled appellant to pull over.  Appellant slowed down, pulled his car to the
left shoulder, and threw a plastic bag out of the car window.  Appellant then pulled his car to the right
shoulder and stopped.  Trooper Crawford
thought that the plastic bag might have contained narcotics, so he asked
appellant to get out of his car.  Trooper
Crawford handcuffed appellant and read him his Miranda warnings, but
advised him that he was not under arrest. 
Trooper Crawford searched appellant=s car and
found cocaine under the rear seat.  The
plastic bag appellant threw from the car was never recovered.

Appellant asked the trial court
to suppress the evidence that was seized as a result of the search.  At the suppression hearing, the State
stipulated that the search of appellant=s car was
executed without a warrant.  Trooper
Crawford testified appellant denied dropping a plastic bag out of the car
window.  Trooper Crawford also testified
that when he asked appellant if there was anything illegal in his car,
appellant told Crawford to Ago search
my car@ without
being directly asked for permission to do so. 
Appellant, however, testified that he told Trooper Crawford not to
search his car and that he did not consent to the search.  Appellant also testified that he did not
throw a plastic bag out of the car window.

Trooper Crawford=s patrol
car was equipped with a video camera. 
Trooper Crawford testified that he activated the video camera when
appellant=s car started to slow down and
that he believed that the videotape would have shown whether appellant threw
the plastic bag from the car.  According
to Trooper Crawford, the videotape of the traffic stop was inadvertently
recorded over by another trooper who used the same patrol car the day following
the stop.








The trial court denied appellant=s motion
to suppress.  Appellant entered a guilty
plea pursuant to a plea agreement with the State.  The trial court found appellant guilty and
assessed a $2,000 fine and punishment at two years in jail.  The trial court probated the jail sentence
for a five-year period.

II.  Issue and
Analysis

In his sole issue on appeal,
appellant asserts that the trial court erred in denying his motion to suppress
evidence obtained through a warrantless search in violation of his rights under
the Fourth Amendment of the United States Constitution and Article 1, Section 9
of the Texas Constitution.  Both in his
motion to suppress and also on appeal, appellant asserts that he did not
voluntarily consent to the search of his car. 
Appellant argues that because of the conflicting testimony offered at
the suppression hearing and the absence of the videotape, which would have
corroborated the testimony of either appellant or Trooper Crawford, the State
was unable to prove by clear and convincing evidence that he gave his consent
to search his car.

Consent to search is an
established exception to the Constitutional requirement for search warrants and
probable cause.  Schneckloth v.
Bustamonte, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043B44, 36 L.
Ed. 2d 854 (1973).  The consent must be
voluntary, which is a question of fact to be determined from the totality of
circumstances surrounding the alleged consent. 
Carmouche v. State, 10 S.W.3d 323, 331 (Tex. Crim. App.
2000).  To be valid, the consent cannot Abe
coerced, by explicit or implicit means, by implied threat or covert force.@  Schneckloth, 412 U.S. at 228, 93 S.
Ct. at 2048.  When the voluntariness of
the consent is challenged, as it is here, the State must prove by clear and
convincing evidence that the consent was freely given.  Carmouche at 10 S.W.3d at 331.  If the record shows a finding by clear and
convincing evidence that a defendant voluntarily consented, we will not disturb
that finding.  Id.








We review the trial court=s ruling
on a motion to suppress evidence under an abuse-of-discretion standard.  Long v. State, 823 S.W.2d 259, 277
(Tex. Crim. App. 1991).  A trial court=s ruling
on a motion to suppress, if supported by the record, will not be
overturned.  Brooks v. State, 76
S.W.3d 426, 430 (Tex. App.CHouston
[14th Dist.] 2002, no pet.).  At a
suppression hearing, the trial judge is the sole finder of fact and is free to
believe or disbelieve any or all of the evidence presented.  Id. 
We give almost total deference to the trial court=s
determination of historical facts that depend on credibility and demeanor, but
review de novo the trial court=s
application of the law to the facts if resolution of those ultimate questions
does not turn on the evaluation of credibility and demeanor.  See Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).  When, as in this
case, the trial court fails to file findings of fact, we view the evidence in
the light most favorable to the trial court=s ruling
and assume that the trial court made implicit findings of fact that support its
ruling as long as those findings of fact are supported by the record.  State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000).  Inasmuch as the
trial judge stated that he was denying the motion because he believed that
appellant voluntarily gave Trooper Crawford consent to search his car, we must
first address this ground.  See Brooks,
76 S.W.3d at 430. 








Based on the information gathered
by the trial court at the suppression hearing and viewing the evidence in the
light most favorable to the trial court=s ruling,
we conclude that the State showed, by clear and convincing evidence, that
appellant freely consented to the search of his car.  See Maxwell v. State, 73 S.W.3d 278,
281B82 (Tex.
Crim. App. 2002).  At the conclusion of
the suppression hearing, the trial judge stated that he chose to believe
Trooper Crawford=s version
of events rather than appellant=s.  Because the trial judge was free to believe
any or all evidence presented and to make a determination of historical facts
supported by the record after evaluating the credibility and demeanor of
appellant and Trooper Crawford, we should give the trial judge=s
decision deference.  See Guzman,
955 S.W.2d at 89.  Therefore, we conclude
that the trial court did not abuse its discretion in denying appellant=s motion to
suppress based on its finding that appellant freely consented to the search of
his car.  See Long, 823
S.W.2d at 277.

We overrule appellant=s only
issue on appeal and affirm the trial court=s
judgment.

 

/s/        Kem
Thompson Frost

Justice

 

Judgment rendered and
Memorandum Opinion filed May 3, 2005.

Panel consists of
Chief Justice Hedges and Justices Hudson and Frost.

Do Not Publish C Tex. R. App. P.
47.2(b).