In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-479 CR


____________________



THE STATE OF TEXAS, Appellant



V.



HARVEY LEE HEADLEY, SR., Appellee






On Appeal from the County Court at Law No. 3


Montgomery County, Texas


Trial Cause No. 04-194607






MEMORANDUM OPINION



 The State brings this appeal from the trial court's order granting the motion to
suppress filed by appellee Harvey Lee Headley, Sr. See Tex. Code Crim. Proc. Ann.
§ 44.01(a)(5) (Vernon Supp. 2005). We affirm.

 At the hearing on the motion to suppress, Trooper Paul Kohleffel testified that while
on duty in East Montgomery County, he stopped a vehicle "for an unclean license plate." 
See Tex. Transp. Code Ann. § 502.409 (Vernon Supp. 2005). The vehicle, in which
Headley was a passenger, was pulling a flatbed trailer. Trooper Kohleffel testified that the
dirty license plate was on the trailer. Trooper Kohleffel described the license plate as
"covered in grime[,]" "very dirty[,]" and "not readable from behind the vehicle."
According to Trooper Kohleffel, only three of the six digits on the trailer's license plate
were legible. Upon closer viewing of the license plate after the stop, Trooper Kohleffel
could read the license plate.

 After stopping the vehicle, Trooper Kohleffel spoke with the driver and explained
to the driver why he stopped him. While speaking with the driver, Trooper Kohleffel
noticed that "he seemed extremely, or unusually nervous in regards to the fact that he was
being stopped for a minor violation." The driver denied having a criminal history. 
However, upon checking for warrants, Trooper Kohleffel learned that the driver did have
a criminal history that included a narcotics offense.

 After speaking with the driver, Trooper Kohleffel approached Headley and
identified himself. According to Trooper Kohleffel, Headley seemed nervous. Headley
denied having any criminal history. Upon checking Headley's driver's license, Trooper
Kohleffel learned that Headley had previously been arrested. Trooper Kohleffel testified
that Headley owned the vehicle, and both occupants of the vehicle consented to a search. 
Upon searching the vehicle, Trooper Kohleffel found a marijuana cigarette, and Headley
admitted the cigarette belonged to him. 

 Trooper Kohleffel's vehicle was equipped with a video camera, but he did not
preserve the film of the stop involving Headley. According to Trooper Kohleffel, at the
time of Headley's arrest, the Department of Public Safety only preserved films of stops for
driving while intoxicated. The trial court commented, "[y]ou ought to have saved that
video for today's hearing." Trooper Kohleffel also had a thirty-five-millimeter camera
with him, but he testified that he did not take photographs because the Department of
Public Safety lacked funding to photograph all of its evidence. Upon learning that Trooper
Kohleffel did not photograph the license plate, the trial court commented, "How much
does a picture cost? You can get them for nineteen cents at Wal-Mart." (1) 

 At the conclusion of the hearing, the trial court granted Headley's motion to
suppress and offered the following commentary:

 And it's like when I went down to get my pick-up license renewed one time. 
They told me I had to have a new license plate. And I said, "Well, why? 
I have had these on this truck ten years or more. Nothing wrong with this
license." "Well, it's lost its reflective value." I said, "What does that
mean?" "Well, that the license plate comes with a reflective value so it can
be seen." And I said, "Well, if they can't see my vehicle going down the
road and have to depend on my license plate for reflective value, we're all
in trouble." But that was the government's position so that I would have to
take off my old and put on a new one for the reflective value. . . . I don't
understand the government sometimes. Let's make new license plates
because the reflective value is lost. Well, if they can't see the truck the
reflective value is not going to help you. 


The trial judge also criticized Trooper Kohleffel's method of approaching the vehicle and
opined that, for safety reasons, he should inform the vehicle's occupants that his video
camera is on. The trial court entered an order granting the motion to suppress without
filing findings of fact and conclusions of law. The State then filed this appeal. 

 We review the trial court's ruling on a motion to suppress for abuse of discretion. (2) 
Long v. State, 823 S.W.2d 259, 277 (Tex. Crim. App. 1991). At a suppression hearing,
the trial court is the sole trier of fact and judge of the credibility of the witnesses and the
weight to be given to their testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim.
App. 2000) (citing State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999)); see
also Wood v. State, 18 S.W.3d 642, 646 (Tex. Crim. App. 2000). "Accordingly, the
judge may believe or disbelieve all or any part of a witness's testimony, even if that
testimony is not

controverted." Ross, 32 S.W.3d at 855 (footnote omitted). We afford almost total
deference to the trial court's determination of the historical facts that depend on credibility
and demeanor, but we review de novo the trial court's application of the law to the facts
if the resolution of those ultimate questions does not turn on evaluation of credibility and
demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

 When, as here, the trial court does not file findings of fact and conclusions of law,
"we view the evidence in the light most favorable to the trial court's ruling and assume that
the trial court made implicit findings of fact that support its ruling as long as those findings
are supported by the record." Ross, 32 S.W.3d at 855 (citing Carmouche v. State, 10
S.W.3d 323, 328 (Tex. Crim. App. 2000)); see also Brooks v. State, 76 S.W.3d 426, 430
(Tex. App.-- Houston [14th Dist.] 2002, no pet.). We must affirm the trial court's
decision if it is correct on any theory of law applicable to the case. Ross, 32 S.W.3d at
856 (citing Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)).

 In this case, the trial court could have disbelieved all or part of Trooper Kohleffel's
uncontroverted testimony based upon his credibility and demeanor. See Ross, 32 S.W.3d
at 857. Contrary to the State's assertion, the trial judge's statements regarding the renewal
of his own vehicle's license do not necessarily indicate that his decision was based upon
an interpretation of the scope of section 502.409 of the Texas Transportation Code. See
Ross, 32 S.W.3d at 855 ("[W]e view the evidence in the light most favorable to the trial
court's ruling and assume that the trial court made implicit findings of fact that support its
ruling as long as those findings are supported by the record."); Tex. Transp. Code Ann.
§ 502.409 (Vernon Supp. 2005). The trial court did not abuse its discretion in granting the
motion to suppress. We overrule the State's sole issue and affirm the judgment of the trial
court.

 AFFIRMED. 


 _______________________________

 STEVE McKEITHEN 

 Chief Justice




Submitted on May 11, 2006

Opinion Delivered May 24, 2006

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Before the hearing began, the trial court admonished Trooper Kohleffel for
chewing gum in the courthouse and failing to say "excuse me" when he walked in front
of people. The trial judge then said, "make sure your attitude is right. . . . And so far it
hasn't been." The trial judge also asked Trooper Kohleffel for the name and telephone
number of his supervisor and expressed the intention to contact his supervisor. 
2. The State argues the appropriate standard of review for this case is de novo
because "[t]he dispositive testimony by Trooper Kohleffel is uncontroverted[,]" and
"[t]here is no indication in the record that the trial court disbelieved the testimony of
Trooper Kohleffel." We disagree. See State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim.
App. 2000) (When the only evidence presented at the hearing on a motion to suppress is
the testimony of the arresting officer and the trial court grants the motion without
explanation, "there is not necessarily a 'concrete' set of facts that can be implied from such
a ruling." The trial court may have disbelieved the officer, in which case the scenario
involves a mixed question of law and fact. Therefore, the proper standard of review under
Guzman is "almost total deference" to the trial court's ruling.). Furthermore, the trial
court's comments regarding Trooper Kohleffel's stated reasons for not photographing the
evidence or preserving the videotape of the stop indicate the trial court may have
disbelieved Trooper Kohleffel.