Reversed and Remanded and Opinion filed March 15, 2007








Reversed
and Remanded and Opinion filed March 15, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00460-CR 

       14-06-00461-CR

_______________

 

THE STATE OF TEXAS, Appellant

 

V.

 

DENNIS RUSSELL CALLAGHAN, Appellee

                                                                                                                                               


On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 1039905 and 1039906

                                                                                                                                               


 

O P I N I O N








A grand jury indicted appellee, Dennis Russell Callaghan,
for possession of methamphetamine with intent to deliver and possession of
pseudoephedrine.  Appellee filed motions to suppress in both cases.  The trial
court granted both motions.  In two issues, the State contends the trial court
erred when it granted the motions to suppress because (1) police are not
required to obtain prior judicial approval to execute a search warrant with a Ano-knock@ entry, and (2)
there was no basis for the trial court to exclude the State=s evidence because
the exclusionary rule does not apply to knock-and-announce violations.  We
confine our analysis to the State=s second issue
because it is dispositive. We reverse and remand.

I.  Background 

On January 30, 2005, Sherriff=s Deputy W. Tipps
sought a search warrant from a magistrate authorizing a search of Callaghan=s motel room. He
requested authorization to Aenter the suspected place and premises without
first knocking and announcing the presence and purpose of officers executing
the warrant sought.@  In his affidavit, Deputy Tipps also
stated that he was familiar with Callaghan and knew him to be a methamphetamine
user, and Calleghan had a prior arrest for manufacturing methamphetamine and
was in possession of a firearm when last arrested.  Deputy Tipps also noted
that methamphetamine traffickers and abusers are considered the Amost violent drug
offenders@ and cited  two examples in Texas where persons
involved with methamphetamine were armed or threatened violence.  The
magistrate signed a search warrant authorizing Deputy Tipps to enter the motel
and search for methamphetamine and any and all precursor chemicals. 
Notwithstanding Deputy Tipp=s request for a no-knock entry in his
affidavit, the magistrate did not address the no-knock request in the warrant. 

When they were executing the search warrant, police did not
knock and announce their presence before kicking open the door to the motel
room. After entering, they seized methamphetamine oil, chemicals and components
used in a clandestine methamphetamine laboratory, and miscellaneous laboratory
trash.     








Callaghan filed motions to suppress all evidence obtained
during the search arguing the magistrate=s failure to
specifically authorize a no-knock entry, coupled with the lack of any
subsequent exigency, rendered the search illegal. At the motion-to-suppress
hearing, Callaghan emphasized that the search warrant did not authorize a Ano-knock@ entry into the
motel room.  Callaghan directed the trial court to a Fort Worth Court of
Appeals case, Wright v. State, decided a month and a half before the
April 26, 2006 hearing.  No. 2-04-249-CR, 2006 WL 563617 (Tex. App.CFort Worth March
9, 2006, pet. granted) (mem. op.).  In Wright, the court held that the
trial court abused its discretion by denying a motion to suppress where the
police requested a combination arrest and search warrant and  included in the
affidavit a request for permission for a no-knock entry because of the
possibility of weapons in the suspected place and the ease of destroying a
large quantity of narcotics.  Id. at *1.  The search and arrest warrant
issued did not address the no-knock entry request.  Id.  The court
concluded the magistrate did not authorize a no-knock entry into the
residence.  Id.  at *2.  

In granting Callaghan=s motion to
suppress, the trial court indicated that it followed  the Wright court
by stating, 

Following the precedence set before me in Wright, I am going to
grant the Motion to Suppress in both cases. . . . I=m going to find that the language
in this search and arrest warrant is identical to that in the search and arrest
warrant of Wright v. State of Texas out of the Second District of Texas
Fort Worth; that the majority opinion and the dissenting opinion agree that the
Judge did not grant the no knock request.

 

II.  Standard Of Review 

We review the trial court=s ruling on a
motion to suppress under an abuse-of-discretion standard.  Long v. State,
823 S.W.2d 259, 277 (Tex. Crim. App. 1991).  If supported by the record, a
trial court=s ruling on a motion to suppress will not be
overturned.  Brooks v. State, 76 S.W.3d 426, 430 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  At a suppression hearing, the trial court is the sole
finder of fact and is free to believe or disbelieve any or all of the evidence
presented.  Id.  We give almost total deference to the trial court=s determination of
historical facts that depend on credibility and demeanor, but review de novo
the trial court=s application of the law to the facts if
resolution of those ultimate questions does not turn on the evaluation of
credibility and demeanor.  See Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997).  








III.  The Exclusionary Rule

A.      Hudson v. Michigan        

In its first issue, the State criticizes the Wright court=s analysis and
contends that police need not obtain judicial approval to execute a no-knock
entry when executing a search warrant.[1] We do not reach
the first issue because less than two months after the trial court=s hearing in this
case, the U.S. Supreme Court handed down Hudson v. Michigan, on June 15,
2006, and its analysis makes the second issue dispositive. 126 S. Ct. 2159
(2006).  In Hudson, the U.S. Supreme Court held that violation of the
knock-and-announce rule does not require suppression of all evidence found in
the search.  Id. at 2164.  In its second issue, relying on Hudson,
the State argues: even if the no-knock entry in this case were unlawful,
suppression of the evidence is not the appropriate remedy because the
exclusionary rule does not apply to knock-and-announce violations. We agree.[2]


With respect to the knock-and-announce rule, the U.S.
Supreme Court has explained that officers must announce their presence and give
residents an opportunity to open the door. Id. at 2162 (citing Wilson
v. Arkansas, 514 U.S. 927, 931B36 (1995)).  This
rule is considered part of the Fourth Amendment.  Id. (citing Wilson,
514 U.S. at 931S36).   Police are not required to
knock-and-announce when circumstances present a threat of physical violence,
there is reason to believe evidence would be destroyed, or it would be futile. 
Id. at 2162B63 (citing Richards v. Wisconsin,
520 U.S. 385, 394 (1997)).  In evaluating how long the police should wait,
courts apply a Areasonable wait time@ standard.  Id.
(citing United States v. Banks, 540 U.S. 31, 41 (2003)). 








The federal exclusionary rule was established as a remedy
for evidence that was unlawfully seized from a home without a warrant in
violation of the Fourth Amendment.  Id.  at 2163 (citing Weeks v.
United States, 232 U.S. 383 (1914)).  Under the federal exclusionary rule,
when evidence is obtained in violation of the Fourth Amendment, prosecutors are
precluded from using it in a criminal proceeding.  Mapp v. Ohio, 367 U.S.
643 (1961); Weeks v. United States, 232 U.S. 383 (1914).  The
exclusionary rule applies to the States through the Fourteenth Amendment.  Hudson,
126 S.Ct. at 2163 (citing Mapp, 367 U.S. at 657).

In Hudson, the police obtained a valid search
warrant for drugs and firearms. Id. at 2162. When the police executed
the search warrant, they waited Athree to five
seconds@ before opening
the unlocked front door and entering Hudson=s home. Id.   Inside
the house, they found cocaine and a loaded gun. Id.  Hudson moved to
suppress all the inculpatory evidence, arguing that premature entry violated
his Fourth Amendment rights.  Id.   The prosecution conceded there was a
knock-and-announce violation.  Id. at 2163.  The Michigan trial court
granted Hudson=s motion to suppress; however, on interlocutory
review, the Michigan intermediate court of appeals reversed. Id.  After
the Michigan Supreme Court denied leave to appeal, Hudson was convicted of drug
possession.  Id.  Subsequently, the U.S. Supreme Court concluded that
the knock-and-announce violation did not warrant suppression of the evidence
because the violation was not the unattenuated but-for cause of obtaining the
evidence.  

Specifically, the U.S. Supreme Court explained: 

[E]xclusion may not be premised on the mere fact that a constitutional
violation was a Abut for@ cause of obtaining evidence.  Our
cases show that but-for causality is only a necessary, not a sufficient,
condition for suppression.  In this case, of course, the constitutional
violation of an illegal manner of entry was not a but-for cause
of obtaining the evidence.  Whether that preliminary misstep had occurred or
not, the police would have executed the warrant they had obtained, and
would have discovered the gun and drugs inside the house.








 Id.
at 2164 (emphasis in original).  Therefore, the Court concluded that the
incriminating evidence was not obtained as a result of non-compliance with the
knock-and-announce rule. See id.  The evidence was seized through
execution of the lawful search warrant.  Id.

The Court further explained that the exclusionary rule
would not apply when the causal connection, is  too attenuated to justify
exclusion even if there was a causal connection and the constitutional
violation Acould be characterized as a but-for cause of
discovering what was inside.@ Id.  Attenuation
occurs when the causal connection is remote or when there is a direct causal
connection and the violated interest protected by the constitutional guarantee
would not be served by suppression of the evidence.  Id.  In addition,
the Court observed that the exclusionary rule did not apply because the
knock-and-announce requirement focuses on protection of human life and limb,
property, and privacy, not Aone=s interest in
preventing the government from seeing or taking evidence described in a
warrant.@  Id.  at
2165.  The Court concluded that the exclusionary rule was inapplicable because
the interests that were violated in this case had nothing to do with seizure of
the evidence.  Id. 

In addition, the Court observed, A[q]uite apart from
the requirement of unattenuated causation, the exclusionary rule has never been
applied except >where its deterrence benefits outweigh its
substantial social costs.=@  Id. (quoting
Penn. Bd. Of Probation and Parole v. Scott, 524 U.S. 357, 363 (1998)). 
The Court found the deterrence benefit was insignificant because the police had
little incentive to violate the knock-and-announce rule.  Id.  Specifically,
the Court explained: A[I]gnoring knock-and-announce can
realistically be expected to achieve absolutely nothing except the prevention
of destruction of evidence and the avoidance of life-threatening resistance by
occupants of the premises-dangers which, if there is even >reasonable
suspicion= of their existence, suspend the knock-and-announce
requirement anyway.@  Id.  at 2166 (emphasis in
original).  








Apparently, we are the first Texas court of appeals to
apply Hudson v. Michigan.[3]  Here, as in Hudson,
the officers obtained a valid search warrant authorizing seizure of 
methamphetamine and any and all precursor chemicals in the motel room.  The
incriminating evidenceCthe methamphetamine oil, chemicals and
components used in a clandestine methamphetamine laboratory, and miscellaneous
laboratory trashCwas not obtained as a result of
non-compliance with the knock-and-announce rule. Whether that preliminary misstep
occurred or not, the police would have executed the warrant they had obtained,
and would have discovered the items named in the search warrant inside the
motel room.  Therefore,
if there was a knock-and-announce violation, it was not the but-for cause that
the evidence was seized.  Following the court=s rationale in Hudson, we hold
that the knock-and-announce violation, if any, did not warrant suppression of
the evidence because it was not the unattenuated but-for cause of obtaining the
evidence.

B.      Texas
Exclusionary Rule 








In response, Callaghan notes that Texas has a
statutorily-created exclusionary rule in Code of Criminal Procedure Article
38.23(a) and argues the trial court properly suppressed the evidence.[4]  See Tex Code Crim. Proc. Ann. Art. 38.23(a)
(Vernon 2006). Callaghan suggests that Hudson applies an Ainevitable discovery doctrine@ reasoning and does not impact the
Texas exclusionary rule because the Court of Criminal Appeals has held that Texas
does not recognize the inevitable discovery doctrine as an exception to the
exclusionary rule in Article 38.23(a).  See State v. Daugherty,
931 S.W.2d 268, 273 (Tex. Crim. App. 1996) (holding federal inevitable
discovery doctrine exception to the federal exclusionary rule does not apply to
Texas exclusionary rule).[5] 


Callaghan cites to the following language in Hudson as
suggesting that the U.S. Supreme Court  relies on the inevitable discovery
doctrine: AWhether that preliminary misstep [the
knock-and-announce violation] had occurred or not, the police would have
executed the warrant they had obtained, and would have discovered the gun and
drugs inside the house.@  Hudson, 126 S. Ct. at 2164. 
However, this language was in the context of describing the absence of but-for
causation.  The U.S.
Supreme Court did not refer to the inevitable discovery doctrine in the majority
opinion.  Further, courts and legal commentators have agreed the majority
opinion in Hudson is about causation and not about the inevitable
discovery doctrine.[6] 









However, in his argument, Callaghan does not seem to
appreciate the importance of causation in Hudson and the Texas statutory
exclusionary rule.   The U.S. Supreme Court focused on causation in Hudson; the Court noted that under
the facts presented, there was no but-for causal relationship.  126 S. Ct. at
2164. The knock-and-announce violation was not a but-for cause of obtaining the
evidence.  Id.  Whether or not the police had committed the violation, they
would have executed the warrant and still discovered the items in the house.  Id. 
Further, the Court recognized that even if a knock-and-announce violation
was the but-for causation, the exclusionary rule would not apply when the
causal connection was attenuated. Id. 

In Texas, the Court of Criminal Appeals similarly clarified
in Pham v. State, the causal connection analysis required for claims to
suppress evidence under Article 38.23.  175 S.W.3d 767, 772B74 (Tex. Crim.
App. 2005).  Before evidence can be suppressed under Article 38.23, there must
be a causal connection between a police officer=s violation of a
law and his collection of evidence. Id. at 774.  Further, the burden is
on the defendant, as the moving party, to produce evidence showing the causal
connection.  Id.  The burden then shifts to the State to either disprove
the defendant=s evidence or raise an attenuation-of-taint argument
to demonstrate that the causal chain asserted by the defendant was broken. Id.
 Therefore, not only must there be a causal connection between the violation
and the collection of evidence, the defendant must also prove that the causal
connection exists.  See id.; see also Gonzales v. State, 67 S.W.3d 910,
912 (Tex. Crim. App. 2002); Roquemore, v. State, 60 S.W.3d 862, 870
(Tex. Crim. App. 2001); Chavez v. State, 9 S.W.3d 817, 820 (Tex. Crim.
App. 2000) (all noting there must be a causal connection between improper
police conduct and collection of evidence before evidence can be excluded under
Article 38.23).








In considering the teachings of Hudson and Pham,
we find the Hudson causation analysis does not conflict with the
required causation analysis for the Texas exclusionary rule in Article 38.23. 
First, the Texas requirement that a causal connection be established by the
moving party to support application of the Article 38.23 exclusionary rule
complements the Hudson rationale because under Hudson the
exclusionary rule does not apply if there is no causal connection. 
Furthermore, if there is a causal connection, Hudson requires it to be more
than merely attenuated for the exclusionary rule to apply. 126 S. Ct. at 2164. 
This requirement also complements the Texas causation analysis in Pham requiring
the burden to shift to the State once the defendant establishes a causal
connection and giving the State the opportunity to demonstrate attenuation in
the causal connection.  175 S.W.3d at 774.

Here, as in Hudson, there was no causal connection
between the no-knock entry and seizure of the evidence.  The officers were
executing a lawful search warrant and would have discovered the evidence
regardless of their manner of entry.  Accordingly, the remedy is not exclusion
of the seized evidence.  Moreover, because there was no causal connection
between the manner of police entry and collection of the evidence, Article
38.23(a) does not require exclusion of the evidence.[7]  

 Appellant=s second issue is sustained. Accordingly,
we reverse the trial court=s judgment and remand for further
proceedings consistent with this opinion.  

 

 

 

 

/s/      Charles W. Seymore

Justice

 

Judgment rendered and Opinion filed March
15, 2007.

Panel consists of Chief Justice Hedges and
Justices Yates and Seymore.

Publish C Tex. R. App. P. 47.2(b).

 









[1]  The Court of Criminal Appeals granted review in Wright
on September 20, 2006,
and its disposition currently pending. 





[2]  In Price v. State, this court previously held
that exclusion of evidence was a proper remedy for  violations of the
knock-and-announce rule.  93 S.W.3d 358, 368B72
(Tex. App.CHouston [14th Dist.] 2002, pet. ref=d). We noted, AThe
Supreme Court has not yet determined whether or to what extent the exclusionary
rule applies in cases involving a violation of the Fourth Amendment
knock-and-announce rule.@  Id. at 369.  However, since our decision in Price,
the U.S. Supreme Court determined in Hudson that the exclusionary rule
does not apply to knock-and-announce violations.   





[3]   In Gray v. State, we held the appellant failed to preserve error on
his argument that deputies violated his constitutional rights because no
exigent circumstances existed to justify the no-knock-and-announce entry.  No.
14-05-01066-CR, 2006 WL 2947849, at *1 (Tex. App.CHouston [14th Dist.] Oct. 17, 2006, no pet. h.) (not designated for
publication).  We noted that even if we had reached the substance of Gray=s argument, suppression of the evidence would probably
be precluded by Hudson.  Id. at *1 n.3.

 





[4]    Article 38.23(a) provides:

No evidence obtained by an officer
or other person in violation of any provisions of the Constitution or laws of
the State of Texas, or of the Constitution or laws of the United States of
America, shall be admitted in evidence against the accused on the trial of any
criminal case.  

Tex. Code Crim. Proc. Ann. Art. 38.23(a).





[5]  AThe inevitable
discovery doctrine assumes a causal relationship between the illegality
and the evidence.  It assumes that the evidence was actually >obtained=
illegally.  The doctrine then asks whether the evidence would have been >obtained=
eventually in any event by lawful means.@ Daugherty,
931 S.W.2d at 270 (emphasis in original).    

 





[6]  See United States v. Hector, Nos. 05-50270 & 05-50404, 2007 WL 177826 (9th Cir.
Jan. 25, 2007) (explaining and applying Hudson but-for causation
analysis); Royce v. State, 2006 WL 2347786, at *3S4 (Minn. Ct. App. Aug. 15, 2006)
(not designated for publiction) (explaining Hudson Aaddressed the causation element of
the exclusionary rule@ and applying Hudson but-for
causation analysis); Joshua Dressler
& Alan C. Michaels, Understanding Criminal Procedure 12 n.180.1 (4th
ed. 2006 Update) (commenting on the Court=s rationale that even absent the illegal entry the police
would have executed the warrant and discovered the evidence and noting A[t]he Court did not, however, expressly
describe this as >inevitable discovery= (or >independent source,= for that matter), and the implications of Hudson
for the inevitable-discovery doctrine are fuzzy at best@); Wayne R. LaFave, Search
and SeizureBA Treatise on the Fourth Amendment 17 (4th ed. Supp. 2007) (suggesting
AHudson=s majority=s view of the but-for requirement
cannot be squared with the Court=s prior decisions concerning the inevitable discovery rule@).  Furthermore, nowhere in its
brief for Hudson v. Michigan does the State of Michigan argue for
application of the inevitable discovery doctrine.  See Respondant=s Brief, Hudson v. Michigan,
126 S. Ct. 2159 (U.S. 2006) (No. 04-1360).  The State of Michigan clearly
argued, Athe issue here is causation not
inevitable discovery.@  Id. at 5.  





[7]  We agree with the State=s argument that the only potential causal link between collection of
the evidence and a knock-and-announce violation was that Callaghan could have
destroyed evidence if a knock-and-announce had occured.  However, as the U.S.
Supreme Court noted in Hudson, A[w]hat the knock-and-announce rule has never protected
is one=s interest in preventing the government from seeing or
taking evidence described in a warrant.@ 
126 S. Ct. at 2165. Thus, in the trial court Callaghan did not meet his burden
to prove a causal connection as Article 38.23 requires.  See Pham, 175
S.W.3d at 774.