Affirmed and Memorandum Opinion filed May 1, 2008













Affirmed and Memorandum Opinion filed May 1, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00267-CR

_______________

 

MICHAEL ANDRE DUNCAN, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

                                                                                                                                               


On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause No.1035366

                                                                                                                                               


 

M E M O R A N D U M 
O P I N I O N

Michael
Andre Duncan  appeals a conviction for possession
of a controlled substance with intent to distribute on grounds that the trial

 court erred in denying his motion to suppress
evidence gathered in connection with an illegal detention.  We
affirm.            

Background

 

On July 25, 2007, Houston police were
conducting surveillance near the 1400 block of the Northwest Freeway between Cavender=s Boot City and the InTown
Suites motel.  The surveillance was prompted by the high level of
auto theft at that location.  As police observed from a van parked in the InTown Suites parking lot, a red car pulled into a parking
spot across from the van.  The officers Aran@ the license plate and it came up Asuspicious,@ though not stolen.  The
officers decided to approach the vehicle and to question the occupants. 

Accounts of what transpired next are
contested.  The trial court heard testimony that the police approached
wearing jackets that clearly announced they were police officers.  They
did not draw their weapons and did not block the red vehicle in with their own
vehicles.  As they approached, they observed appellant and his girlfriend
leaving room 133 of the motel and entering the parked red car.  Appellant
got in the driver=s seat.  According to officers, the car was not running
or in gear.  

As officers approached the parked red
car, Officer Lohse saw appellant drop a Swisher Sweet
cigar on the floor and attempt to hide it when appellant saw the officer
approaching.  The officers then asked appellant to step out of the
vehicle.  After retrieving the cigar, the officers confirmed that it
contained marijuana and then detained appellant on suspicion of possession of
marijuana.  The other occupants, one male and one female, were asked to
step out of the car to be identified.  After a brief discussion, it was
determined that the female was the registered occupant of room 133. 
Officer Lohse obtained a written consent from her to
search the motel room.

The search of room
133 uncovered crack cocaine and additional marijuana in a night stand. 
When officers exited the motel room and displayed the narcotics, appellant
immediately told the officers that the drugs belonged to him and not the female
to whom the room was registered.   Appellant was then read his Miranda
warnings, after which he made a voluntary written statement: A[T]his is my dope in rm 133 not Marilyn.  My dope was in the drawer (crack
cocaine) nightstand.@
 See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct.
1602 (1966).

A suppression hearing was held on March
23, 2007.  Appellant contested the admissibility of the drugs found during
the motel room search as fruit of an illegal detention.  The trial court
denied the motion to suppress.

 

Appellant then pleaded guilty and was
sentenced to imprisonment for 17 years.  This appeal followed.

Standard of Review 

A trial court=s denial of a motion to suppress will
not be overturned absent an abuse of discretion.  Brooks
v. State, 76 S.W.3d 426, 430 (Tex.
App.CHouston
[14th Dist.] 2002, no pet.).  AAn appellate court reviewing a trial
judge=s ruling on a motion to suppress >must view the evidence in the light
most favorable to the trial court's ruling.=@ Wiede
v. State, 214 S.W.3d 17, 24 (Tex. Crim. App.
2007) (quoting State v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006)). 

Unlike an appellate court, a trial
court is uniquely situated to observe a witness= demeanor and appearance.  Wiede, 214 S.W.3d at 24. 
As a consequence, the trial judge is granted near complete deference in
determining the credibility of the witnesses and the weight to be given their
testimony.  Id. at 24B25. 
AWhen reviewing a trial judge=s decision to deny a motion to suppress where probable cause
to search was challenged, an appellate court must afford >almost total deference to a trial court=s express or implied determination of
historical facts and review de novo the court=s application of the law of search
and seizure to those facts.=@  Id. at 25 (quoting State
v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App.
2000)). 

 

The appellant bears the initial
burden of rebutting the presumption that police conduct was proper in a search
or seizure at the suppression hearing.  Russell v.
State, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986). 
The appellant has carried this burden when the search or seizure is made
without a warrant.  Id. 
When the state acts without a warrant, the burden then shifts back to the State
to prove that the search or seizure was reasonable.  Id. at 9-10.  While the police
may approach a person to make inquiries, when that person no longer feels free
to leave, a seizure has taken place.  See Florida v. Bostick, 501 U.S. 429, 434 (1991) (while free to Aask a few questions,@ once a person no
longer feels free Ato go about his business,@ a seizure has occurred); Hunter
v. State, 955 S.W.2d 102, 104 (Tex. Crim. App.
1997) (the police are as free as any other person to ask questions of fellow
citizens; whether a Aseizure@ has taken place is assessed by a
totality of the circumstances test).

Analysis

Appellant contends he was detained
without probable cause or reasonable suspicion,  with the result that all
evidence gathered as a result of that detention is barred as fruit of the
officers= illegal search.  Appellant
contends that the officers lacked any evidence of a crime or wrongdoing when
they blocked in his vehicle with their own as he was about to pull out. 
This act, appellant contends, constituted an illegal detention rendering
inadmissible all evidence uncovered in connection with the illegal detention.

According to appellant, after the
officers boxed in the car appellant was occupying, the officers approached with
guns drawn.  One of the officers observed appellant drop a Swisher Sweet
cigar.  Upon recovery of the cigar, it was determined to contain marijuana;
appellant and the other occupants were detained.   

The trial court also heard testimony
from the officers who conducted the arrest and search.  The police
indicated that they approached the vehicle to question the occupants, noting
the suspicious hit that had come up on when they ran the vehicle=s license plate.  See 
Hunter, 955 S.W.2d at 104 (police are allowed to ask questions, including
solicitation of identification or a request for consent to search, provided
that the police do not convey a message that compliance is mandated). 
They testified that they were wearing civilian clothing, but each had a jacket
clearly indicating that they were police officers.  While Officer Lohse could not recall if he had pulled his gun while
approaching, Officer Spriggs testified he had not. 

 

Two police vehicles were involved in
the surveillance.  Officer Spriggs testified
that he believed the police vehicle operated by Officer Lohse
might have parked behind appellant, but Officer Lohse
testified that he approached the vehicle on foot, and that he was unaware of
any police vehicle blocking the path of the vehicle appellant was occupying.
 Officer Spriggs testified that he and his
partner walked from their parked van, the second police vehicle, across the
parking lane to the vehicle occupied by appellant; Officer Spriggs
further testified that his vehicle did not block the vehicle appellant
occupied.  Each officer testified that the appellant=s vehicle was not running or in gear
at the time they approached.

Upon approaching, Officer Lohse testified that he saw appellant drop a Swisher Sweet
cigar on the floor and attempt to hide it.  At that time, he had a
reasonable suspicion that a crime was in progress, and upon further inspection,
his suspicion was confirmed.  The Swisher Sweet cigar contained
marijuana.  A common method of smoking marijuana in public is to remove
the tobacco from a Swisher Sweet cigar and replace it with marijuana. 

The testimony of the police is
consistent with their right to approach a fellow citizen to ask
questions.  According to the testimony provided at the suppression
hearing, the trial court was well within its discretion to believe the account
provided by the officers, and to discount or disregard the testimony of
appellant and the other occupants.  There is adequate evidence in the
record upon which the trial court could rely to believe that the vehicle
occupied by appellant was not Aboxed in,@ and that appellant was free to leave
until detained for possession of marijuana based upon the evidence of what
Officer Lohse saw when approaching the vehicle.  See
Citizen v. State, 39 S.W.3d 367, 370 (Tex. App.CHouston [1st Dist.]
2001, no pet.) (ABeginning with the officer=s initial intrusion, we evaluate the
reasonableness of each incremental level of intrusion, based on the information
possessed by the officer at that time.@).  It is well within the trial
court=s discretion to believe the events
that led to this consensual encounter becoming an investigative
detention.  See Francis v. State, 922 S.W.2d 176, 178 (Tex. Crim. App. 1996) (A[T]here is a continuum of human
interaction, and what may begin as a consensual encounter can readily become an
investigative detention, which may evolve into an arrest.@).

Because the trial court was within
its discretion to believe that no detention occurred prior to Officer Lohse seeing appellant attempting to hide marijuana, the
evidence gathered pursuant to the voluntary consent to search the motel room is
not inadmissible.

 

 

Accordingly, the judgment of the
trial court is affirmed.

 

 

 

/s/       
William J. Boyce

Justice

 

 

Judgment rendered and Memorandum
Opinion filed May 1, 2008.

Panel consists of Chief Justice
Hedges, and Justices Anderson and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).