In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00345-CR


NO. 09-08-00346-CR


____________________



THE STATE OF TEXAS, Appellant



V.



MARCHESA KAI PALMER, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause Nos. 19,921 & 19,922






MEMORANDUM OPINION


 A grand jury indicted appellee Marchesa Kai Palmer for possession with intent to
deliver more than four hundred grams of hydrocodone and more than four hundred grams of
alprazolam. The State brings this appeal from the trial court's order granting Palmer's
motion to suppress. See Tex. Code Crim. Proc. Ann. § 44.01(a)(5) (Vernon Supp. 2008). 
We affirm.

 In her motion to suppress, Palmer contended that the search of her vehicle after she
had denied permission to search violated her rights under "the Fourth, Fifth, Sixth[,] and
Fourteenth Amendments to the United States Constitution, Article I, Section 9 of the Texas
Constitution, and under Article 38.23 of the Texas Code of Criminal Procedure." At the
hearing on Palmer's motion to suppress, Trooper Brent Henry testified that while he was
patrolling in Polk County, he stopped Palmer for speeding on Highway 59. Trooper Henry
testified that his patrol car was equipped with a video recording device, and the State played
the DVD of the stop at the hearing. Trooper Henry testified that when he stopped Palmer,
she was shuffling through some papers, and her hands were shaking. Trooper Henry
described Palmer as passive and overly polite, which he viewed as inconsistent with her
nervous behavior and appearance. When Trooper Henry asked Palmer why she had been in
Houston, she responded that she had been visiting a friend, and she provided the friend's
name. Although Trooper Henry told Palmer he intended to give her a warning, he did not
give her a ticket or a warning ticket.

 Trooper Henry testified that he asked Palmer twice for consent to search her vehicle,
and although she indicated that she did not have anything illegal in her vehicle, she refused
both times. According to Trooper Henry, when he requested Palmer's permission to search
the vehicle, she became more nervous and began to sweat. Trooper Henry then called for a
drug dog because he "felt there was criminal activity possibly involved[,]" and the dog
alerted on Palmer's vehicle.

 When asked what reason he had to continue an investigation of Palmer, Henry
testified, "there were several reasons why I suspected criminal activity based on my training
and experience[,]" and he explained that Palmer was extremely nervous, driving down a
"drug corridor[,]" and was coming from "a known drug source city[:] Houston, Texas." 
Trooper Henry also testified that when Palmer first saw him, she quickly moved her vehicle
from the left lane to the right lane, and she left her right blinker on after he stopped her. In
addition, when Trooper Henry stopped Palmer, she had all her windows "cracked three or
four inches from the top to allow air to circulate through the vehicle[,]" which he believed
indicated she was trying to prevent him from smelling the product or a canine from "alerting
to the vehicle." Trooper Henry testified that Palmer was nervous, "very polite[,]" and "[s]he
had money laying around in the vehicle." According to Trooper Henry, a five-dollar bill was
lying on the front passenger seat, and a twenty-dollar bill was lying on the floor of the front
passenger side. Trooper Henry explained that he had seen money lying around vehicles in
prior drug cases, and it makes him suspicious because "[i]t means they're carefree and have
plenty of money, just leave it laying around."

 When Palmer opened the glove box to get her license and insurance information,
Trooper Henry saw that the glove box contained "a roll of money" with a hundred-dollar bill
on the outside, but he did not know how much money the glove box contained. Trooper
Henry also observed numerous fingerprints on the trunk of Palmer's car, and he testified that
Palmer told him that she was unemployed, yet she "made a[n] out-of-state trip, and she did
some partying in Houston" when gas cost approximately three dollars per gallon. Trooper
Henry also noted that although Palmer had a child carrier in her vehicle, she did not have a
baby with her. In addition, Trooper Henry observed a Dodge Magnum station wagon that
passed by him twice during the stop, and he suspected that the vehicle was traveling with
Palmer. Trooper Henry testified, "[e]verything involved made me want to search the
vehicle." Trooper Henry explained that based upon his training and experience and the
totality of the circumstances during the traffic stop, he believed Palmer was involved in
criminal activity. The trial court entered an order granting Palmer's motion to suppress
without making findings of fact or conclusions of law.

 We review the trial court's ruling on a motion to suppress for abuse of discretion. 
Long v. State, 823 S.W.2d 259, 277 (Tex. Crim. App. 1991). At a suppression hearing, the
trial court is the sole trier of fact and judge of the credibility of witnesses and the weight to
be given to their testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000);
Wood v. State, 18 S.W.3d 642, 646 (Tex. Crim. App. 2000). "Accordingly, the judge may
believe or disbelieve all or any part of a witness's testimony, even if that testimony is not
controverted." Ross, 32 S.W.3d at 855 (footnotes omitted). We afford almost total deference
to the trial court's determination of the historical facts that depend on credibility and
demeanor, but we review de novo the trial court's application of the law to the facts if
resolution of those ultimate questions does not turn on evaluation of credibility and
demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

 When, as here, the trial court does not file findings of fact and conclusions of law,
"we view the evidence in the light most favorable to the trial court's ruling and assume that
the trial court made implicit findings of fact that support its ruling as long as those findings
are supported by the record." Ross, 32 S.W.3d at 855 (citing Carmouche v. State, 10 S.W.3d
323, 328 (Tex. Crim. App. 2000)); Brooks v. State, 76 S.W.3d 426, 430 (Tex. App.--Houston
[14th Dist.] 2002, no pet.). We must affirm the trial court's decision if it is correct on any
theory of law applicable to the case. Ross, 32 S.W.3d at 856 (citing Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990)).

 An officer may temporarily detain a suspect for investigation if the officer's action
was justified at its inception and was reasonably related in scope to the initial reason for the
interference. Terry v. Ohio, 392 U.S. 1, 19-20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). To
justify the detention, an officer "must be able to point to specific and articulable facts which,
taken together with rational inferences from those facts, reasonably warrant that intrusion."
Id. at 21 (footnote omitted). "[A]n investigative detention must be temporary and last no
longer than is necessary to effectuate the purpose of the stop." Florida v. Royer, 460 U.S.
491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983).

 Palmer is visible and can be heard speaking on the DVD of the traffic stop; however,
until Trooper Henry arrests Palmer and places her in his patrol car after the dog alerted on
her vehicle, she is too far away from the camera for her appearance, behavior, and demeanor
to clearly appear. However, to the extent Palmer is seen and heard on the DVD, she appears
and sounds calm and cooperative. The DVD contains Trooper Henry's spoken observations
regarding Palmer's behavior and appearance, as well as the appearance of her vehicle and
the items therein; however, Palmer's behavior and appearance and the appearance of the
interior of her car as described by Trooper Henry are not clearly visible on the DVD. The
trial court could have disbelieved all or part of Trooper Henry's testimony based upon his
credibility and demeanor. See Ross, 32 S.W.3d at 857. The trial court's possible disbelief
of Trooper Henry would support its decision. See id. at 856-57. The State did not request
findings of fact and conclusions of law, and does not complain on appeal of the trial court's
failure to issue them. See State v. Cullen, 195 S.W.3d 696, 698-99 (Tex. Crim. App. 2006)
(When the losing party on a motion to suppress requests findings and conclusions, the trial
court must issue them to permit proper appellate review of the ruling.).

 On this record, without findings of fact and conclusions of law, we cannot say the trial
court abused its discretion in its ruling on the motion to suppress. See Ross, 32 S.W.3d at
855; Davis, 947 S.W.2d at 244-45. We overrule the State's sole issue and affirm the order
of the trial court.



 AFFIRMED.



 

 

 STEVE McKEITHEN

 Chief Justice


Submitted on November 14, 2008 

Opinion Delivered January 14, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.