Affirmed and Memorandum Opinion filed January 27, 2009








Affirmed and Memorandum Opinion filed January 27, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07B00687-CR

____________

 

JILL YOUNG VAVRECKA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the Court
at Law Number 2

Fort Bend County, Texas

Trial Court Cause No. 115406

 



 

M E M O R A N D U M   O P I N I O N

Appellant Jill Young Vavrecka appeals her conviction for
cruelty to animals, claiming the trial court abused its discretion in (1)
denying her pretrial motion to suppress, (2) denying appellant an opportunity
to question a witness as to potential bias, and (3) denying appellant an
opportunity to present evidence of her past practice and routine in caring for
animals.  We affirm.

 








I.  Factual and Procedural
Background

A police officer responded to a complaint that several dogs
on appellant=s property appeared to be abandoned and in distress. 
From the road, the officer saw what appeared to be abandoned property with tall
grass, inoperable vehicles, scattered refuse, and no electricity.  The officer
spotted two dogs that looked malnourished and emaciated, with no visible food
or water nearby.  He claimed he could see one dog=s hip bones from
his vantage on the road.  This dog was attached to a chain.  The officer
entered the property without a warrant and knocked on the door to a trailer
located on the property, but no one answered.  The officer noticed that the
dogs= food was infested
with bugs and strewn with trash, and the animals could not reach any water
contained in a barrel some distance away.  The dogs were covered with fleas. 
He found three dogs in similar condition in a back-yard pen; these dogs had little
or no hair.  The officer noticed the strong smell of urine and fecal matter,
which covered the areas where the dogs were confined.  The officer called Fort
Bend County Animal Control (AAnimal Control@) to check on the
animals on the following day because he understood that Animal Control policies
discouraged weekend calls unless an emergency situation arose involving a human
or a loose, aggressive dog.  The officer returned at midnight, after his shift
had ended, to offer the dogs fresh water and food, which they ingested as soon
as he offered it. 

A field officer from Animal Control went to the property on
the next day.  The field officer confirmed the property=s appearance and
the animals= condition as the dogs had no clean place to sit, no
accessible water or food, and appeared to be suffering from mange and
malnourishment.  The field officer was accompanied by a police officer, who
knocked on the door of the trailer.  No one answered.  The field officer left a
note for the owner of the property and then removed the dogs from the
property.  








Appellant learned that Animal Control had removed the dogs,
and she attempted to get the dogs back.  Animal Control petitioned a justice of
the peace to release the animals to the care of Animal Control to prevent the
animals from being returned to appellant.  The justice of the peace held a
hearing on the matter, which appellant attended, and ordered the dogs to be
released to Animal Control.  Three of the five dogs were euthanized immediately
because they suffered from disease.  One dog was adopted, and another dog was
kept in the care of Animal Control before being euthanized one month later.

Appellant was charged with a misdemeanor offense of cruelty
to animals, to which she pleaded Anot guilty.@  After a trial on
the merits, the jury found appellant guilty.  The trial court sentenced
appellant to probation.

II.  Issues and Analysis

A.      Did the trial court abuse
its discretion in denying appellant=s motion to suppress?

In her first issue, appellant contends the trial court
abused its discretion in denying her motion to suppress the evidence from the
police officer=s search of her property, because exigent
circumstances did not justify the officer=s warrantless
entry onto the property.  In her motion, appellant sought the suppression of Aall evidence
obtained by the Needville Police Department.@  








We review a trial court=s ruling on a 
motion to suppress under an abuse-of-discretion standard.  State v. Dixon,
206 S.W.3d 587, 590 (Tex. Crim. App. 2006).  If supported by the record, a
trial court=s ruling on a motion to suppress will not be
overturned.  See id.  At a suppression hearing, the trial court is the
sole finder of fact and is free to believe or disbelieve any or all of the
evidence presented.  Brooks v. State, 76 S.W.3d 426, 430 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  We afford almost total deference to the trial court=s determination of
the historical facts that the record supports, especially when the trial court=s findings turn on
evaluating a witness=s credibility and demeanor.  State v.
Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000), modified on other
grounds, State v. Cullen, 195 S.W.3d 696 (Tex. Crim. App. 2006).  We
review de novo the trial court=s application of the law to the facts if
resolution of those ultimate questions does not turn on the evaluation of
credibility and demeanor.  Id.

Though appellant asserts the trial court abused its
discretion in denying the motion, appellant has failed to preserve error for
appellate review.  A motion to suppress is nothing more than a specialized
objection to the admissibility of evidence.  Galitz v. State, 617 S.W.2d
949, 952 n.10 (Tex. Crim. App. 1981).  When a pretrial motion to suppress
evidence is overruled, the defendant need not subsequently object at trial to
the same evidence to preserve error on appeal.  Moraguez v. State, 701
S.W.2d 902, 904 (Tex. Crim. App. 1986).  However, when a defendant affirmatively
states during trial that she has Ano objection@ to the admission
of evidence, she waives any error, despite the pretrial ruling. Moody v.
State, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992).  

We first presume without deciding that the reference in
appellant=s motion to suppress to Aall evidence
obtained by the Needville Police Department@ applies to the
exhibits offered by the State, sixteen photographs taken by the officer of
appellant=s property and dogs.  Appellant waived error at trial
when she stated Ano objection@ to all sixteen of
the State=s exhibits each time the State offered the photos and
the trial court admitted the photos into evidence.  See id.  Though
appellant initially preserved error through the trial court=s ruling on the
pretrial motion to suppress, because appellant=s counsel
specifically stated that she had no objection to the State=s offer of
evidence seized during the search, she waived the complaint.  See id.









Moreover, even if appellant had preserved his complaint for
appellate review, she still could not prevail because appellant could not
demonstrate harm.  The same facts were established by other admissible evidence
introduced without objection.  See Willis v. State, 785 S.W.2d 378, 383
(Tex. Crim. App. 1989).  The record reflects that both the police officer and
the field officer from Animal Control testified without objection to the same
facts regarding the dogs= condition and the property=s appearance. 
Such testimony from both witnesses offered far more information than what the
photos demonstrated.  Because the testimony from these witnesses established
the same or greater information than the photos depicted, the photos were
cumulative.  Any error in admitting the photos was, thus, harmless.  See id. 


For these reasons, we overrule appellant=s first issue. 

B.      Did the trial court commit
reversible error in denying appellant=s request to question a witness as to any bias?

In appellant=s second issue,
she claims that the trial court committed reversible error by denying her
request to question a witness, Clyde Rogers, who is appellant=s daughter=s former
boyfriend, regarding his alleged bias against appellant based on his prior
soured relationship with appellant=s daughter, a
paternity suit over appellant=s grandchild, and an investigation against
Rogers for an alleged sexual assault on appellant=s daughter. 
According to appellant, Rogers, acting on his bias against appellant, reported
the dogs= condition to the
police officer.

Before trial, the State filed a motion in limine, seeking
to prevent references to the paternity suit, the sexual-assault investigation,
or Rogers= relationship with appellant and her family.  The
record reflects that the trial court granted this motion by prohibiting
references to Rogers=s involvement in a paternity suit, a
sexual-assault investigation, and his relationship with appellant=s family members. 
However, the trial court permitted references to any Abad blood@ between Rogers
and appellant.  Appellant made a bill of exception on this issue.  








On appeal, appellant
has failed to adequately brief this issue, and therefore has waived her
complaint for appellate review.  To present an issue for appellate review Athe brief must contain a clear and
concise argument for the contentions made, with appropriate citations to
authorities and to the record.@  Tex. R.
App. P. 38.1(h).  Appellant
has not presented any legal authority or citation in support of her second
issue that the trial court committed any error in denying her an opportunity to
question Rogers as to any bias against appellant.  See id. Appellant has
not addressed any of the governing legal principles or applied them to the
facts of this case.  See King v. State, 17 S.W.3d 7, 23 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  Appellant=s brief contains a sentence that
the information was important to the jury and the trial court=s error harmed appellant=s right to a fair trial.  However,
conclusory statements which contain no citations to authority present nothing
for appellate review.  Id.; see also Vuong v. State, 830 S.W.2d
929, 940 (Tex. Crim. App. 1992).  Accordingly, we hold that appellant has waived
error and overrule her second issue. 

C.      Did the trial court commit
reversible error in denying appellant an opportunity to present evidence of
appellant=s habit and routine of caring for
sick animals?

In her third issue, appellant complains that the trial
court committed reversible error in denying her request to present evidence of
her defense under Texas Rule of Evidence 406 of her past practice and routine
of caring for stray animals and nursing them to health.  In its motion in
limine, the State sought to prevent testimony that appellant owned or cared for
other animals, which were not at issue in the case at hand.  The State also
sought to prevent testimony that appellant took other animals for veterinary
care when those animals were not at issue in the present case.  At a hearing on
the motion, appellant argued that her care of other animals was relevant and
that the State=s request was unconscionable.  The trial court granted
both aspects of the State=s motion.  As to appellant=s specific
objections during trial under Texas Rule of Evidence 406, the trial court
permitted a line of questioning as to appellant=s habit and
routine of care as to the five dogs at issue, but not for other animals. 
Appellant made a bill of exception on this issue.  Appellant complains on
appeal that without evidence of her past practices regarding her care of other
animals, she was prevented from presenting a complete defense, which she claims
deprived her of due process.








Appellant has not presented any legal authority or citation
in support of this third issue that the trial court committed reversible error
in denying her presentation of  this evidence or that she was prevented from
presenting a complete defense, which deprived her of due process.  See Tex. R. App. P. 38.1(h) (AThe [appellant=s] brief must
contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.@).  She has not
addressed any of the governing legal principles supporting her argument that
the trial court committed error nor has she applied them to the facts of this
case.  See King, 17 S.W.3d at 23.  Appellant=s brief contains a sentence that exclusion
of such evidence makes the verdict suspect and warrants reversal and remand for
a new trial.  However, as stated previously, conclusory statements that contain
no authority present nothing for appellate review.  Id.; see also
Vuong, 830 S.W.2d at 940.  Therefore, we hold appellant has waived any
error on this issue, and we overrule appellant=s third issue.

Having overruled each of appellant=s three issues, we
affirm the trial court=s judgment.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Panel consists of
Justices Anderson, Frost, and Hudson.*

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









*  Senior Justice Harvey Hudson sitting by assignment.